THE STATE OF CONNECTICUT *vs.* JAMES HAZLETON COOK.

First Judicial District, Hartford, October Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A criminal information contained four counts, the first of which charged the accused with having deprived certain horses in his custody of necessary sustenance from January 1st until March 11th; the second made the same charge as of March 11th; the third charged failure to provide them with necessary food, drink and protection from the weather, from January 1st until March 11th; and the fourth made the same charge as of March 11th. The trial court instructed the jury that the four counts stated but a single offense, and, upon their returning a verdict of guilty upon the four counts, imposed but a single fine. *Held* that the accused, certainly, could not complain of such instruction.

A witness who testifies to considerable experience in the ownership, care and use of horses, may be permitted to state that from such experience he is able to determine upon examination whether horses have received proper food or not, in order to qualify him to give his opinion in respect to the horses in question.

The accused offered photographs of the horses, taken between the 1st and 15th of May, together with evidence that they were then in the same condition as on the dates testified to by the State's witnesses. This evidence was excluded for reasons not stated in the record. *Held* that whether the photographs so represented the condition of the horses, at the dates referred to by the State's witnesses, as to be of any value as evidence, was a preliminary question to be decided by the court; but, in the absence of any finding that they were inaccurate, or useless to the jury, it was error to exclude the evidence.

Argued October 7th—decided December 5th, 1902.

COMPLAINT for cruelty to animals, brought originally before a justice of the peace and thence, by appeal of the defendant, to the Superior Court in Middlesex County and tried to the jury before *Ralph Wheeler, J.;* verdict and judgment of guilty, and appeal by the accused for alleged errors in the rulings and charge of the court. *Error and new trial granted.*

The case is sufficiently stated in the opinion.

*Charles H. Fowler,* for the appellant (the accused).

*John M. Murdoch,* State's Attorney, and *Charles A. Pelton,* for the appellee (the State).

HALL, J. The statute under which the accused is prosecuted enumerates various acts of cruelty to animals for which a punishment is imposed, among which are the depriving an animal of necessary sustenance, and the unnecessary failure, by one having the charge or custody of any animal, to provide it with proper food, drink, or protection from the weather.

In the Superior Court the State's Attorney filed an information containing six counts. The first, second and third counts each alleges that the defendant, in the town of Clinton, while having the charge and custody of twenty-three horses, unlawfully deprived them of necessary sustenance. In the first count the offense is alleged to have been committed on the 1st of January, 1901, and on each day from then until the 11th of March, 1901; in the second, to have been committed on the 11th of March, 1901; and in the third, on the 6th of April, 1901. The fourth, fifth and sixth counts charge the accused with having unlawfully and unnecessarily failed to provide said animals with proper food, drink and protection from the weather, on the same days respectively, as named in the first, second and third counts.

The court instructed the jury, in substance, that while the unlawful and unnecessary failure to provide either proper food, or proper drink, or proper protection from the weather, would constitute an offense under the statute, the six counts of the information might fairly be regarded as charging but

two offenses: one committed on or before the 11th of March, 1901, and covered by the first, second, fourth and fifth counts, and one committed on the 6th of April, described by the third and sixth counts.

The first, second, fourth and fifth counts may have been used to describe but one offense. *State* v. *Bosworth*, 54 Conn. 1. But whether so used or not, it is not questioned that these four counts charge a separate offense from that described in the third and sixth counts. The jury found the accused not guilty upon the third and sixth counts, and, as stated in the judgment file, "guilty on the first, second, fourth and fifth counts of said information." In view of the instruction given them by the court, the jury undoubtedly intended by their verdict to find the accused guilty of but one offense charged in these four counts, and not of four separate offenses. The court so interpreted the verdict, and imposed but one fine of $10. Clearly, the accused has no reason to complain of the charge that but one offense was described in the four counts upon which he was convicted.

Two of the State's witnesses, who appear to have seen and examined the horses in question on one or more of the days named in the imformation, having testified as to their experience in the ownership, use and care of horses, were each asked by the State's Attorney, against the defendant's objection, whether from his experience in dealing with horses he considered that he was able to determine upon examination, as to their flesh condition, and as to whether they showed proper care or not. Each of the witnesses answered that he was able to so determine, and thereupon, against the objection of the accused, each testified that the horses he had seen were thin and showed lack of food.

The defendant contends that in admitting these questions and answers the court permitted these witnesses to judge of their own qualifications to determine whether these horses had been provided with proper food, instead of requiring them to state the facts showing their qualifications to express an opinion as to the cause of their thin condition.

The claim is without foundation. The witnesses had al-

ready stated the facts showing such an experience with horses as to justify the court in receiving their opinions as to whether the condition of the horses was due to want of proper food. Having stated that they had had the experience described by them, it was not improper to permit counsel to ask whether, from the experience testified to, they were able to judge from the appearance of a horse, or by examining it, whether it showed lack of food. Such were, in effect, the questions asked and answered.

The record states that "the accused offered in evidence several photographs of horses and colts, . . . all of which were taken later than the 1st day of May, 1901, and some of them about that middle of that month, . . . together with an offer of evidence that the horses were in the same condition as on the 11th of March and the 6th of April; and that the photographs were correct photographs of these horses and colts. The accused claimed that the pictures would tend to show that the horses and colts had not suffered from their keeping, and had not been injured by exposure to the weather. The court excluded the photographs and the evidence offered to show that the horses at the time of the taking of the photographs were in the same condition as on the 11th of March and the 6th day of April."

Whether the horses in question were, at the times alleged in the information, so thin in flesh as to show a lack of food, was the principal question in dispute at the trial. An accurate photograph of the horses, showing their condition of flesh at the time they were seen by the State's witnesses, would have been admissible in evidence. Whether these photographs so represented the condition of the horses as to flesh, at the time testified to by the State's witnesses, as to be of any value as evidence, was a preliminary question to be decided by the court. *Harris* v. *Ansonia*, 73 Conn. 359, 364; *Cunningham* v. *Fair Haven & W. R. Co.*, 72 id. 244, 249; *McGar* v. *Bristol*, 71 id. 652, 655. Neither the ground upon which the photographs were excluded, nor upon which they were objected to, appears in the record. It is not found they were inaccurate, or that they did not so fairly represent the

condition of the horses at the time in question as to be of assistance to the jury in deciding the case; and as we read the record they were photographs of the horses described in the complaint. We cannot say that the accused could not prove, as he offered to, that the photographs were accurate, and that the horses were in the same condition of flesh when the photographs were taken as on the 11th of March and the 6th of April. As the facts are stated in the record before us, the accused was entitled to prove the accuracy of the photographs, and that when taken the horses were in the same condition as on March 11th and April 6th; and having proved these facts to the satisfaction of the court, to lay the photographs in evidence.

There is error and a new trial is granted.

In this opinion the other judges concurred.