[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON MOTION TO STRIKE COUNT TWO OF COMPLAINT
The defendants in this automobile negligence case have moved to strike a second count of the complaint because the plaintiff has done no more than repeat standard allegations of common law negligence pleaded in the first count, and call them "reckless" in a second count. For that reason the motion is granted. CT Page 2689
Negligence is failure to use that degree of care for the protection of another that the ordinarily reasonably careful prudent person would use under similar circumstances. SeeTemple v. Gilbert, 86 Conn. 335, 340 (1912).
Reckless conduct describes a state of conscious choices with reference to the consequences of one's acts, where the actor does not intend the resulting harm, but nonetheless chooses to perform certain acts knowing that there is a strong probability that harm may be the consequence of those acts. It cannot arise from the kind of mere inadvertence or incompetence represented by the stock specifications found in the ordinary automobile writ where the plaintiff alleges the defendant's failure to: (1) keep a proper lookout; (2) operate at a reasonable speed; (3) sound a warning horn; (4) turn out to avoid collision; (5) operate under reasonable and proper control; (6) drive a reasonable distance apart. See: Begley v. Kohl MaddenPrinting Inc. Co., 157 Conn. 445, 451 (1969); Rogers v. Doody,119 Conn. 532, 535 (1935); 2 Restatement (Second) Torts § 500 Comment F (1965).
Specific allegations setting out facts constituting wanton as opposed to merely negligent conduct have not been alleged. The defendant's motion to strike count two of the complaint for lack of those necessary averments is therefore granted. Dumondv. Denehy, 145 Conn. 88, 91 (1952); Brown v. Branford, 12 Conn. App. 106,110.
FLYNN, J.