CATHERINE BURGESS *vs.* THE TOWN OF PLAINVILLE.

First Judicial District, Hartford, May Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and ELLS, Js.

A town is not liable for injuries due to a defect in a highway unless its existence was actually known to the officers of the town or was of such long duration that they, in the exercise of reasonable care, should have had knowledge of it.

If constructive notice to a town of a defect is an issue in a case tried to the court, the finding should state, within some measurable bounds, the length of time the defect existed; a finding, as in the present case, that it existed ''for a considerable time'' is too indefinite.

In the present case, the surface of a gravelled driveway which ran from south to north across a cement sidewalk, was about two and three quarters inches below the sidewalk on its east side and about four and five eighths inches on its west side. The cement had broken away in the center of the sidewalk where it terminated at the west side of the driveway, thus forming an irregular hole ten inches in width and about four inches in depth and extending from the driveway into the sidewalk about four inches. The plaintiff, while walking westward upon the sidewalk, crossed the driveway, and, as she stepped up from the west side of the driveway to the sidewalk, caught her foot in this depression and fell, suffering the injuries for which she sued. The trial court found that, although the size and nature of the hole were not such as to put the defendant's officials upon notice of its existence, it was an incidental result of the generally dangerous condition existing at that point, which the defendant should have remedied, and rendered judgment for the plaintiff. *Held* that the trial court erred, since the plaintiff's cause of action could only be supported by proof that the defendant had been guilty of negligence with respect to the particular hole which caused her fall and that the existence of such negligence was negatived by the failure of the finding to disclose that the defect in the sidewalk had existed for such time as to charge the defendant with constructive knowledge of its existence.

Argued May 6th—decided June 2d, 1924.

ACTION to recover damages for personal injuries alleged to have been caused by a defect in a highway due to the defendant's negligence, brought to and tried by the Superior Court in Hartford County, *Maltbie, J.;* facts found and judgment rendered for the plaintiff for $1,650, and appeal by the defendant. *Error; judgment ordered for defendant.*

*Donald Gaffney,* for the appellant (defendant).

*Josiah H. Peck,* for the appellee (plaintiff).

WHEELER, C. J. A driveway ran from private property and crossed the sidewalk on the south side of East Main Street in Plainville. The surface of the driveway was gravelly, packed down hard, about nine

feet wide, not level, and having its middle lower than its east and west edges. The sidewalk was of cement and about five feet wide. The sidewalk to the east of the driveway terminated abruptly and formed a step down on to the driveway, its height varying, but being about two and three quarters inches. The sidewalk on the west terminated in a rough step upward from the surface of the driveway, being in height about five and three eighths inches at the south side of the sidewalk and four and one eighth inches at the point of the accident. In the middle of the sidewalk where it terminated at the driveway was a broken and irregular hole about ten inches in width crossways of the walk, and about four inches deep at the deepest point and extending into the sidewalk about four inches at the maximum. The surface of the break sloped upward from the level of the driveway until it came at its center point to within about an inch of the surface of the concrete walk whence there was an abrupt rise to that surface. This break in the edge of the sidewalk had existed for a considerable time, but just how long is not known. Neither the officials of the town, nor adjoining landowners or their tenants, had actual knowledge of this break, nor was its size and nature such as to put the officials of the town upon notice of its existence. The plaintiff had been familiar with this sidewalk for upward of two years and knew of the step down at the easterly side of the driveway and of the step up at the westerly side, but she had never seen the said break.

As the plaintiff attempted, on September 7th, 1922, to pass from the driveway to the sidewalk on its west side, she stumbled by reason of her foot getting into the depression formed by the break and fell and fractured her left wrist. The trial court concluded (a) that the conditions presented by this driveway and the termination of the sidewalk at its westerly edge

constituted a defect in the sidewalk which rendered it not reasonably safe for travelers upon it; (b) that had the officials of the town used reasonable care to render the sidewalk at this point reasonably safe for travelers, the danger to them due to the break would have been removed; (c) that the plaintiff was not guilty of contributory negligence in proceeding across the driveway as she did, nor in failing to see the break, nor in the way in which she stepped up to the level of the sidewalk. On November 30th, 1922, while plaintiff was in her daughter's house, a small dog, tied with a cord, drew the cord across the plaintiff's ankles and caused her to fall, when her left wrist was refractured along the lines of the fracture of September 7th. The fracture of November 30th would not have occurred had it not been for the fracture of September 7th.

The court reached the following conclusions: "that the conditions created by the driveway and the abrupt termination of the sidewalk at its westerly edge constituted a defect in the highway which the officials of the town were under an obligation to use reasonable means to make reasonably safe; and the break in the edge of the sidewalk was an incident of that defect; that the fall of the plaintiff was the result of the existence of that defect; that the plaintiff was not guilty of contributory negligence; that as the second fracture the plaintiff suffered would not have occurred had it not been for the one caused by the fall, it was a proximate result of the fall and so the defendant is liable for any suffering, incapacity and expense due to it as well as for those which followed the first fracture.

The subordinate facts disclose that the cause of the plaintiff's fall was the break in the walk and not the step up from the driveway. The conclusion of the court that the conditions created by the driveway and the abrupt termination of the sidewalk at its westerly edge

constituted a defect and the break in the edge of the
sidewalk was an incident of that defect, would not sup-
port the plaintiff's cause of action. Her fall was due to
her foot catching in the hole, as the subordinate facts
show. This break in the walk at this point was a de-
fect in the walk and rendered it unsafe for travelers
using the walk at this point and traveling with reason-
able care. Since the officials of the town had no actual
notice of this defect, the town could only be liable for
injury resulting from the defect if it had existed for so
long a time that the town, in the exercise of reasonable
care, ought to have had knowledge of it. *Dean* v.
*Sharon*, 72 Conn. 667, 672, 45 Atl. 963.

The finding states that the break had existed for,
a considerable time, but just how long is not known.
Exception was taken to this finding. The evidence
annexed as appears in exhibit B does not support this
finding. The finding is too indefinite to permit us to
determine whether the break had existed long enough
to have charged the defendant with its knowledge or
not. A "considerable time" may vary with the indi-
vidual judgment. In a case of this character, tried to
the court, where the question of constructive notice
arises, the finding should state within some measurable
bounds the time the defect had continued. The find-
ing made makes this question unimportant. It says
that the size and nature of the break was not such as to
put the officials of the town upon notice of its existence.
This is a direct finding that even though the break had
existed for a considerable time, it was not of such size
and nature as to have charged the officials of the town
with knowledge of its existence. So long as this finding
stands, the defendant town cannot be held to have had
constructive notice of the defect, and, without that,
the town could not in any event be held responsible for
an injury resulting because of the defect. It follows

that judgment upon the facts found should have been rendered in favor of the defendant.

We have noted the somewhat inconsistent finding in paragraph seventeen, that had the officials of the town used reasonable care to render the pathway at this point reasonably safe, the danger to travelers due to the break would have been removed. Since the officials had no notice whatever of this break, they were under no duty to remove the danger due to the break. This conclusion makes unnecessary the decision of the other grounds of appeal.

There is error, the judgment is reversed and the Superior Court directed to render judgment for the defendant.

In this opinion the other judges concurred.