KATHERINE BURLANT *vs.* CITY OF HARTFORD.

First Judicial District, Hartford, January Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 10th—decided March 3d, 1930.

*Roger W. Davis,* Assistant Corporation Counsel of the City of Hartford, with whom was *Philip H. La Fleur,* for the appellant (defendant).

*Louis M. Schatz,* with whom, on the brief, were *Nathan A. Schatz* and *Julius B. Schatz,* for the appellee (plaintiff).

HINMAN, J. The plaintiff claimed that the cause of her fall and injury was a defect in a flagstone sidewalk in front of 346 Ann Street, in Hartford, consisting of a difference in level of two or three inches between two of the stones. The appellant contends that there was not evidence, requisite to support the verdict, either that the walk, at the time of plaintiff's fall, was not reasonably safe or that the claimed defect was such and had existed for such length of time that the city,

in the exercise of reasonable care, ought to have had knowledge of it. *Burgess* v. *Plainville,* 101 Conn. 68, 72, 124 Atl. 829; *Dean* v. *Sharon,* 72 Conn. 667, 672, 45 Atl. 963.

As to the nature and extent of the claimed defect, the jury might have accepted the testimony of plaintiff's husband and son that two or three days after her fall, which occurred March 9th, 1928, the difference in level between the two stones was two inches or more, notwithstanding apparent contradiction by the photographs, taken a week later under direction of the plaintiff's husband, and by evidence introduced by the city. However, the plaintiff's case lacks the equally essential proof that the condition had existed to such an extent and for such a time as to charge the city with constructive notice of its existence. This feature of the case depends upon the evidence of the plaintiff's husband. He testified that he had passed over the sidewalk in question numerous times in the preceding two months, but his statement that it was not in very good condition—"wasn't very smooth anyway"—obviously referred to the walk in general in front of the building instead of the specific two stones, and his further observation as to a chipped condition of the lower stone manifestly was made only after his special attention had been attracted by the occurrence of the accident. There is no direct evidence that one of the stones was materially or noticeably higher than the other at any time prior to the date of plaintiff's fall. Inferences as to prior existence for a considerable time, which might arise from a condition necessarily more or less permanent or of slow development are not available in view of the uncontradicted evidence of the effect of frost upon the level of flag walks, especially at that particular season of the year.

It appears that the defendant city has about three

hundred and fifty miles of sidewalks under the jurisdiction of its street department, and employs three regular men, and extras as required, to exercise continuing inspection of them. The evidence disclosed numerous sidewalk inspections on Ann Street in 1927, and on January 5th and 18th and February 2d and 11th, 1928. The inspectors were instructed to report any variations of more than three fourths of an inch out of level in flagstone walks and orders were given to relay them. Several such orders were issued on February 25th as to sidewalks on Ann Street in the vicinity of the premises in question. The only fair and reasonable conclusion from the evidence before the jury would be that no difference in level approximating the amount claimed by the plaintiff, or such as to constitute an actionable defect, had existed for such a length of time that the city with reasonable care could have discovered and remedied it.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.