ALBERT ANDERSON *vs.* CITY OF BRIDGEPORT.
MAMIE ANDERSON *vs.* CITY OF BRIDGEPORT.

Third Judicial District, New Haven, June Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued June 6th—decided July 9th, 1930.

*Clifford B. Wilson,* for the appellants (plaintiffs).

*Alexander L. DeLaney,* with whom was *Isadore L. Kotler,* for the appellee (defendant).

PER CURIAM. The plaintiffs did not claim that the defendant city had had actual notice of the alleged defect in the highway, and it was therefore necessary to prove that the defect had existed for such a length of time as to raise a presumption of knowledge on its part, and give it a reasonable opportunity to remove the defect. A careful study of the evidence shows no proof of the length of time the hole in question had existed. Witnesses testified to the size and location, and the general appearance of the hole, and there is a statement in the plaintiff's testimony that the roadway at that point was in an "unfit" condition, and also that this particular hole was "old." The jury could have found from the evidence that the edges of the hole were ragged and that little chips of the asphalt were broken off and lying in the hole, but that condition might exist on a much traveled highway, used by heavy trucks, like the one in question, if the hole was not old. Proof was necessary, not only that the defect was an old one, but that it had existed for such a

length of time that the city could fairly be said to have had an opportunity to remedy it, and that it had not done so. The jury apparently believed that the hole had been there long enough to thus charge the city with notice, but the testimony furnishes no sound basis upon which such a conclusion can logically and fairly rest.

There is no error.