ANTHONY FALKOWSKI *vs.* JOHN A. MACDONALD, STATE HIGHWAY COMMISSIONER.

MALTBIE, C. J , HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 9th, 1932—decided February 14th, 1933.

*Thomas R. Fitzsimmons,* for the appellant (plaintiff).

*Raymond E. Baldwin,* for the appellee (defendant).

HAINES, J. On April 6th, 1930, the plaintiff was driving an automobile on what is known as Foxon Road, proceeding from New Haven toward North Branford. He had just entered the town of East Haven and was driving on the right-hand side of the road, about thirty feet behind another car, when the latter suddenly swung to the left, but the plaintiff was unable to do so because of the approach of another car. The wheel of his car went into a hole or depression in the roadway, and being unable to control the car, it ran off the roadway and against a stone wall and was almost completely demolished by that collision. Before running into it, the plaintiff did not see the depression, which was four to five feet in diameter and two and a half or three inches in depth. The road had been constructed of improved macadam some twenty-six years before and later had received a surfacing of tar. On the date of the accident, the road was under the exclusive control of the defendant state highway commissioner, and the latter had extensive improvements in contemplation, and had moved materials and machinery to the vicinity for carrying out these plans.

The plaintiff claimed that the depression in the roadway was a defect existing therein by reason of the defendant's negligence and this action was brought under the provisions of General Statutes, § 1481, permitting suit against the defendant state highway commissioner as the representative of the State, for damages, and the trial court found due compliance by the plaintiff with the preliminary requirements of that statute. It was further found, rather inferentially than directly, that the highway was defective in the respect above indicated; that it ,was the sole proxi-

mate cause of the plaintiff's damage, and that the plaintiff was not guilty of any contributory negligence. Judgment, however, was given for the defendant on the sole ground that the defendant had no notice of the defect, actual or constructive, and this is the controlling question before us upon this appeal.

As we have previously had occasion to point out, the duty of maintaining state highways having been imposed upon the highway commissioner as the representative of the State, the liability for defects therein is subject to the same limitations as previously provided where the roads were controlled by municipalities. *Horton* v. *MacDonald,* 105 Conn. 356, 360, 135 Atl. 442; *Perrotti* v. *Bennett,* 94 Conn. 533, 542, 109 Atl. 890. It is a prerequisite of liability, that the authority charged with maintenance of the highway shall have notice of the defect, actual or constructive, i.e. it must have had actual knowledge of the existence of the defect, or it must have existed for such a length of time that it would have been known in the exercise of reasonable care and a reasonable opportunity have been afforded in which to remedy it. *Matchulot* v. *Ansonia,* 116 Conn. 55, 163 Atl. 595; *Meallady* v. *New London,* 116 Conn. 205, 164 Atl. 391; *Anderson* v. *Bridgeport,* 111 Conn. 681, 682, 151 Atl. 188; *Burgess* v. *Plainville,* 101 Conn. 68, 72, 124 Atl. 892.

The appellant attacks the conclusion of the trial court that the defendant had neither actual nor constructive notice of this particular defect, and seeks additions to the finding to the effect that on the date of the accident the defendant had placed machinery and supplies near the spot and had his employees working at various points on the highway in the immediate vicinity; that the defendant's superintendent, Carsden, saw the depression in question on April

fourth but took no steps to apply a remedy; and further, that the defendant's foreman, Ott, was working in the immediate vicinity for a number of days prior to April sixth and had other men working there, and that the depression was in fact filled by Ott, though he was unable to state on what day he did so. The undisputed evidence is that materials and machinery had been brought to a point somewhat west of the point in question, but not near to it, and that though the men were working at various points on the highway, it does not appear that they were in the immediate vicinity of this spot. Carsden testified that he went slowly over this portion of the highway two days before the accident in an inspection to ascertain its condition, and that it was his particular duty to "watch out for conditions in the road, to watch out for anything that might prove a danger to traffic," and that he did not recall seeing this particular depression, but that "there were several depressions, slight depressions along the road." This evidence does not establish the claim that Carsden saw this particular depression on April fourth. None of the claims as made, are sufficiently supported by undisputed evidence to justify their addition to the finding. It is found that the chief of police drove over this road three or four times a week and had seen "a little or slight depression" at the place in question, but this is obviously an insufficient identification of the defect which caused the accident, and the witness was unable, moreover, to say *when* he had seen the depression he referred to.

The finding does not show actual notice. Certain photographs of this portion of the highway were introduced and referred to in the finding. If the depression is correctly shown by these photographs, and if it was there when the superintendent inspected the road

April fourth, yet it was not so obviously dangerous that we can say as matter of law that the superintendent should have seen it, or, if he saw it, that it was incumbent upon him to remove it. It is further found, however, that one of the photographs is not a correct representation of the depression, and there is no specific finding as to how long it had been there, though an inference might be drawn from the description of it contained in the finding and its appearance in the photographs. If the trial court had concluded that the depression thus depicted could not have been of recent origin, but must have existed for a considerable time, we are not prepared to say it would have been an unreasonable inference, but the trial court reached no such conclusion. The finding as made does not show as a fact that the depression had existed at any time before the day of the accident. How or when it was caused remains a matter of pure speculation.

To charge the defendant with constructive notice, it was incumbent on the plaintiff to establish that the defect had been there a sufficient length of time and was of such a dangerous character that the defendant by the exercise of reasonable care could and should have discovered and remedied it. And proof of this fact must be definite and clear. *Anderson* v. *Bridgeport,* and *Burgess* v. *Plainville, supra.* As the finding stands, we cannot hold as unwarranted the trial court's conclusion that no constructive notice was established.

There is no error.

In this opinion the other judges concurred.