## WILLIAM F. SCHNEIDER, ADMR.
### (Estate of James Patrick Garvey)
*vs.*
## WILLIAM J. COX, HIGHWAY COMMISSIONER

Superior Court        Fairfield County        File No. 56592

### MEMORANDUM FILED MAY 8, 1939.

*Edward A. Dworken,* of Bridgeport, for the Plaintiff.

*Martin E. Gormley,* of Bridgeport; *Halloran & Sage,* of Hartford; *Henry E. Shannon, Jr.,* of Bridgeport, for the Defendant.

CORNELL, J.   This suit is brought under the provisions of section 1481 of the General Statutes, Revision of 1930, which creates a right of action against the state highway commissioner to recover damages in favor of any person injured, or of his estate in case of death, resulting by reason of the default of the state highway commissioner to keep in repair a road or bridge which he has the duty of maintaining.   The cause of action conferred is analagous to that provided in section 1420 of the General Statutes, Revision of 1930, against "municipal corporations for damages from defective highways, and is subject to like limitations."   *Shirlock vs. McDonald,* 121 Conn. 611, 613; *Porpora vs. New Haven,* 122 id. 80, 92.   One of these limitations is that the violation of the duty imposed must be the sole cause of the plaintiff's injuries or death of the plaintiff's decedent.   *Bartram vs. Sharon,* 71 Conn. 686; *Gustafson vs. Meriden,* 103 id. 598, 605.

In the instant case the defendant pleads that the plaintiff's decedent was himself negligent in a manner which caused, or

substantially contributed to the accident out of which he sustained his fatal injuries. The physical evidence lays the basis for inferences of almost compelling character in support of this claim. This indicates that the rate of speed at which the truck was operated approaching the sharp turn in the highway was in excess of that which was reasonable under all the circumstances. Without detailing here an analysis of the evidence, the conclusion is arrived at that the manner in which plaintiff's decedent operated the truck and particularly the speed at which he did so as he approached the intersection and rounded the curve was such as to cause the cargo which it carried to shift and to thereby throw the vehicle so out of balance as to result in its toppling over. While it is likely that the catch basin and the condition just west of it did not add to the safety of the highway at the point where these were, nevertheless the determination is that such condition exerted no causative effect upon the course taken by the truck or in causing it to fall upon its side.

Judgment for the defendant.