HELEN SHEA
*vs.*
WILLIAM J. COX, HIGHWAY COMMISSIONER

Superior Court    Hartford County    File No. 64456

MEMORANDUM FILED MARCH 10, 1941.

*Butler, Howard, Volpe & Garrity,* of Hartford, for the Plaintiff.

*Taylor & Tribou,* of Hartford, for the Defendant.

MUNGER, J. The defendant demurs to the complaint on two grounds. It is said that the action appears to be one for nuisance, and it is also said that it appears to be an action for negligence.

It does not appear that a fair construction of the complaint supports either of these grounds of demurrer. The complaint, reasonably construed, seems to set out an action against the Highway Commissioner arising out of injuries resulting from a defective highway, the care of which is imposed upon him by law. The highway is alleged to be defective and danger' ous. It is true that the plaintiff did proceed to allege that the condition constituted a nuisance. This allegation in itself does not change the nature of the action. The fact that the pleader calls a condition a nuisance is immaterial.

"Whenever a condition upon a highway makes it defec' tive, there is a remedy under the statute, and where that con' dition is not due to any positive act of the municipality but is due to its neglect to take steps to remedy the defect, the statute affords the exclusive remedy, whether or not the defect is or might be found to be a nuisance." *Bacon vs. Town of Rocky Hill,* 126 Conn. 402, 406.

With respect to the nature of the action in so far as it affects the liability of the defendant, the Highway Commis' sioner, it would seem to be clear that the action is one for the recovery of the statutory penalty.

"As we have previously had occasion to point out, the duty of maintaining state highways having been imposed upon the highway commissioner as the representative of the State, the liability for defects therein is subject to the same limitations as previously provided where the roads were controlled by municipalities." *Falkowski vs. Macdonald,* 116 Conn. 241, 243.

The demurrer must be overruled.