GRAZIA TIRENDI *v.* CITY OF WATERBURY.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued December 3, 1941—decided January 9, 1942.

*J. Gregory Lynch*, with whom was *Edward J. Mc-Donald*, for the appellant (defendant).

*Edward Mascolo*, for the appellee (plaintiff).

BROWN, J. The plaintiff recovered a verdict for personal injuries alleged to have been caused by a defective sidewalk of the defendant city. The defendant has appealed from the court's denial of its motion to set aside the verdict. The jury could reasonably have found these facts: About a week and a half prior to September 1, 1938, employees of the W. P. A., in connection with the construction of a catchbasin, made an excavation about four and one-half feet square and four feet deep partly in the southerly sidewalk of Burton Street in Waterbury, and completely covered the hole with planks running in the same direction as the sidewalk. The planks were four or five in number and, though set closely together, were loose and not fastened together by nails, cleats, or in any other way. At about 2 o'clock on the afternoon of September 1st, the plaintiff, in walking easterly on this sidewalk, stepped upon these planks, which slid apart and caused her to fall through into the hole, sustaining injuries. The planks as they were before the plaintiff stepped upon them constituted a dangerous defect in the sidewalk, and this condition had existed for one and one-half weeks. In failing to discover and remedy it, the defendant city failed in the performance of its statutory duty, and its failure was the proximate cause of the plaintiff's injury. The court did not err in denying the motion to set aside the verdict.

Upon its appeal from the judgment, which the defendant has also taken, the only errors assigned requiring consideration relate to the court's charge as to the notice to the defendant of the existence of the defect essential to render it liable. It was not disputed upon the claims of proof that the excavation was made by employees of the W. P. A. at the place in question substantially as above recited, that they

had entirely covered it over with planks set closely together laid parallel with the sides of the walk and that when the plaintiff stepped upon them the planks separated and let her down through, causing her injuries. The plaintiff's further claims of proof material upon the issue of notice were that the planks were placed over the hole about one and one-half weeks before the plaintiff's fall, that they were loose and not bound together by cleats, nails or otherwise and that they were dangerous to public travel because of the probability that they would slide apart and cause pedestrians to fall. Those of the defendant were that the planks had been in place about a week before the plaintiff's fall, that at the time the planking was laid each plank was securely nailed to cross pieces or cleats designed to hold the planks together, that these cleats were underneath and so located as to prevent the planks from moving lengthwise, that children had coasted down the hill and over the planks with bicycles and coaster wagons and that at all times until the moment of the plaintiff's accident the planks appeared to be perfectly safe and joined together.

So far as appears by the claims of proof no evidence was offered and no claim was made either that the W. P. A. employees in what they did were agents or employees of the defendant, or that the W. P. A. was a licensee of the defendant in carrying on the work. Accordingly the four essentials to liability of the defendant in this case are: first, a defect in the highway; second, a failure or neglect by the city, after reasonable notice and knowledge, to render it reasonably safe for travel; third, an injury caused by the defect; fourth, injury to the plaintiff while in lawful use of the highway. *Frechette* v. *New Haven,* 104 Conn. 83, 87, 132 Atl. 467. We are concerned only with the court's instructions to the jury upon the second of these es-

sentials. There is no claim that the defendant had actual notice of the defect. The general rule is that to charge a defendant with constructive notice it is "incumbent on the plaintiff to establish that the defect had been there a sufficient length of time and was of such a dangerous character that the defendant by the exercise of reasonable care could and should have discovered and remedied it." *Falkowski* v. *MacDonald,* 116 Conn. 241, 245, 164 Atl. 650; *Anderson* v. *Bridgeport,* 111 Conn. 681, 682, 151 Atl. 188; *Shirlock* v. *MacDonald,* 121 Conn. 611, 614, 186 Atl. 562. The "test is, not would the defect have been discovered had the particular portion of the street in question been examined, but would it have been discovered had the municipality exercised reasonable supervision over its streets as a whole." *Ritter* v. *Shelton,* 105 Conn. 447, 450, 135 Atl. 535. The nature of the defect is an important consideration in determining whether a municipality is chargeable with constructive notice of it. *Burgess* v. *Plainville,* 101 Conn. 68, 72, 124 Atl. 829.

The court charged concerning constructive notice as follows: "There must be a situation in and of itself defective and existing long enough so that the city would have constructive notice that there was a defect. The plaintiff claims that that condition had existed for a week anyway; that, with the servants and agents around there, it was reasonable to hold the city liable for failure in its duty to inspect." Then, after stating that the city had the duty of reasonable supervision, but that it would not be liable unless it either failed to use reasonable care to discover the defect, or, after actual or constructive notice, failed to use reasonable care to repair it, the court continued: "By constructive notice I mean that it had existed long enough so it was reasonable to think they should

have seen that the boards were loose." Error is assigned in the instructions quoted.

While the court did refer in general terms to the city's duty to exercise reasonable supervision to maintain its highways in a reasonably safe condition, nowhere did it state that consideration of this duty is involved in determining whether the defendant had constructive notice of it. Because of the concealed nature of the defect, clear, definite and full instructions upon the issue of constructive notice were peculiarly essential in this case. The claims of proof show that it was undisputed that the planking up to the time that the plaintiff stepped upon it presented a smooth, solid surface which appeared safe to walk upon, and that the defect was entirely hidden from view. Under these circumstances it was incumbent upon the court not only clearly to define constructive notice but also to explain fully the nature and extent of the defendant's duty of inspection essentially involved therein. See *Lovell* v. *Bridgeport*, 116 Conn. 565, 567, 165 Atl. 795. No explanation whatever of this duty is to be found in the charge, nor did it afford the jury any guide as to what circumstances were to be taken into consideration in determining whether the defendant had exercised reasonable supervision of its streets and sidewalks. The extent of the city's problem of supervision and the nature of the defect, as respectively indicated by the *Ritter* case and the *Burgess* case, were two of the pertinent circumstances for the jury's consideration in this connection. The latter factor is of vital importance in a case of this nature where the defect is concealed. What was said by this court in an earlier case for damages caused by a defective highway fence applies with equal force to the present action: "Whether it [the city] is to be charged with constructive notice depends upon the cir-

cumstances, regard being had to the nature of the defect, whether palpable and manifestly dangerous, or otherwise, the place, the extent of the use of the highway, and the time the defect had existed. The test is whether, had the city exercised reasonable supervision, in view of the whole situation, it would have discovered the defect a sufficient time before the injury to have a reasonable opportunity to guard against it." *Matchulot* v. *Ansonia,* 116 Conn. 55, 57, 163 Atl. 595. The court's failure to give the jury any adequate instructions to guide them in determining the issue of constructive notice constitutes reversible error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion MALTBIE, C. J., and AVERY, J., concurred.

JENNINGS, J. (dissenting). I dissent on the ground that, in my opinion, the charge, as a whole, was adequate. *Wood* v. *Connecticut Savings Bank,* 87 Conn. 341, 345, 87 Atl. 983.

In this opinion ELLS, J., concurred.