WILLIAM J. PAPE *v.* WILLIAM J. COX, HIGHWAY COMMISSIONER.

MALTBIE, C. J., AVERY, JENNINGS, ELLS and DICKENSON, Js.

Argued June 2—decided July 1, 1942.

*William H. Tribou,* with whom, on the brief, was *Edward I. Taylor,* for the appellant (defendant).

*J. Warren Upson,* for the appellee (plaintiff).

AVERY, J. The plaintiff brought this action under General Statutes, § 1481, against the state highway commissioner to recover for personal injuries alleged to have been caused by a defective condition of a state highway due to ice. The question presented by this appeal is whether the trial court was justified in reaching the conclusion that the icy condition upon the highway at the point where the plaintiff was injured had existed for a sufficient length of time to charge the defendant with constructive notice of its existence and afford reasonable opportunity to remedy it. The following facts found by the trial court are undisputed: There runs through the town of Middlebury, in a general easterly and westerly direction, a state highway which is a main traffic artery connecting Waterbury with points west and one of the four main east and west highway routes through the state. It carries a large amount of traffic. It has a concrete surface twenty feet in width divided into two lanes. At the point where the plaintiff was injured there is a sharp curve heavily banked, the north side of the highway being eighteen inches lower than the south side. On the south side, partly within the bounds of the high-

way, there is a stand of pine trees five or six feet apart and more than forty feet in height. These cast a shadow over the road at the curve and in the spring and fall cause ice to form upon the concrete surface from condensation.

On November 20, 1940, at about 7:30 in the morning, the car in which the plaintiff was driving from Middlebury toward Waterbury skidded upon ice upon this curve and ran into a sandbank on the north side of the highway and was damaged. The plaintiff was not injured. He returned to his home, took another car, drove to the place of the accident, stopping the car on the south side of the road, crossed the road and opened the door of his car on the right side. He was struck by a car proceeding towards Waterbury which had skidded on the curve and crashed into the car which the plaintiff was about to enter, with the result that the plaintiff's leg was caught between the two running boards and was injured. This occurred about 8 o'clock in the morning of November 20th. In the afternoon of November 19th, the employees of the defendant inspected the highway and found it in good condition and free from ice or frost on the curve. There had been no precipitation of moisture for some days before the plaintiff was injured, and upon that day there was no accumulation of ice or snow upon the highway generally or in the vicinity of the curve. For the twenty-four hour period ending at 6 p.m., November 18th, the maximum temperature was 43 degrees and the minimum 33; for the twenty-four hour period ending at 6 p.m. November 19th, the maximum temperature was 49 degrees and the minimum 22; for the twenty-four hour period ending at 6 p.m., November 20th, the maximum temperature was 55 degrees and the minimum 35. On the afternoon of November 19th, at about 4 p.m., there was no ice on this curve.

The trial court further found that the curve was covered with a thin layer of ice from about 11 p.m. on November 19th until the accident occurred at about 8 a.m. on November 20th, and by reason of this icy condition the highway was defective during that entire period. There was evidence before the trial court that the son and daughter-in-law of the plaintiff drove over the highway at about 11 p.m. on November 19th and their car skidded in rounding the curve. Other than this testimony, there was no evidence to support the trial court's finding that a thin layer of ice covered the curve from 11 p.m., November 19th, until the time of the accident at 8 a.m. on the morning of November 20th.

It is an established principle of our law that § 1481 of the General Statutes affords a right of recovery from the state through the highway commissioner as its representative similar to that given by General Statutes, § 1420, against municipal corporations for damages from defective highways and is subject to the same limitations. *Perrotti* v. *Bennett,* 94 Conn. 533, 542, 109 Atl. 890; *Falkowski* v. *MacDonald,* 116 Conn. 241, 243, 164 Atl. 650; *Shirlock* v. *MacDonald,* 121 Conn. 611, 613, 186 Atl. 562. "In a case seeking recovery for damage for defects in a highway, it is a prerequisite of liability that the authority charged with maintenance shall have had either actual notice of the defect or constructive notice through its existence for such a length of time that it would have been known in the exercise of reasonable care, and a reasonable opportunity afforded to remedy it." *Shirlock* v. *MacDonald,* supra, 613. It is also an established principle that the notice which a municipality must receive as a condition precedent of liability for injuries received by reason of a defective highway is notice of the defect itself which occasioned the injury,

and not merely of conditions naturally productive of that defect and subsequently in fact producing it. *Carl v. New Haven,* 93 Conn. 622, 628, 107 Atl. 502; *Aaronson v. New Haven,* 94 Conn. 690, 696, 110 Atl. 872; *Jainchill v. Schwartz,* 116 Conn. 522, 525, 165 Atl. 689.

In the present case, the trial court did not find, nor is any claim made, that the defendant had actual notice of the icy condition of the curve as it existed at 8 o'clock in the morning of November 20, 1940. The mere fact that ice exists upon a highway does not of itself render the highway defective. Whether or not the highway is rendered defective by the existence of ice or snow thereon depends upon a variety of conditions and circumstances, including the difficulties attending situations as they are created by the rigors of our winters. *Congdon v. Norwich,* 37 Conn. 414, 419; *Cloughessey v. Waterbury,* 51 Conn. 405, 417; *Campbell v. New Haven,* 78 Conn. 394, 396, 62 Atl. 665; *Ritter v. Shelton,* 105 Conn. 447, 449, 135 Atl. 535. If it be conceded that the condition of the highway in question was not reasonably safe because of the amount and character of the ice upon it at 8 o'clock in the morning of November 20th, it does not follow that the ice was in the same condition at 11 o'clock the night before when the car in which the plaintiff's son and his wife were riding skidded. The skidding of an automobile may be due to a variety of causes and may not have been due to ice at all, but, even if it be conceded that the skidding was probably caused by the presence of ice, there is no evidence in the record that the ice was the same in amount or in the same condition as it was upon the following morning. All that can be known from the evidence is that the highway was free of ice at 4:30 in the afternoon of November 19th. There was no precipitation of moisture during the night and at 8:30 in the morning

of November 20th there was a coating of ice on the curve which had formed some time during the night by condensation of moisture from the air. This icy condition took time to develop; it did not arise immediately. At what time during the night the ice had formed to an extent and amount sufficient to make the highway not reasonably safe does not appear in the evidence.

The most that the court could reasonably have found is that there was some ice on the road at 11 p.m., November 19th. We must conclude, therefore, that the finding of the court that the curve was covered with a thin layer of ice from 11 o'clock in the evening of November 19th until 8 o'clock in the morning of November 20th is without support in the evidence and cannot stand. There is no basis upon which it can be found how long the road had not been reasonably safe by reason of its icy condition before the plaintiff was injured. It would impose too heavy a burden upon the highway department to hold it to the duty of inspecting to discover an icy condition, as to the duration of which there is no evidence other than the inference which might be drawn from the fact that it would take a certain period for the icy condition to form to such an extent that the highway became not reasonably safe for public travel. There is no foundation to support a conclusion of constructive notice to the defendant. *Drible* v. *Village Improvement Co.*, 123 Conn. 20, 24, 192 Atl. 308. It follows that the judgment for the plaintiff was erroneous.

There is error, the judgment is set aside and the case is remanded to the Superior Court with direction to enter judgment for the defendant.

In this opinion the other judges concurred.