MARY CAGIANELLO *v.* CITY OF HARTFORD

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued November 5—decided December 2, 1948—reargued February 2—supplemental opinion filed April 18, 1949.

*Cornelius D. Shea,* for the appellant (plaintiff).

*James D. Cosgrove,* assistant corporation counsel, with whom, on the brief, was *Franz J. Carlson,* corporation counsel, for the appellee (defendant).

DICKENSON, J.   The plaintiff brought this action to recover for injuries suffered by reason of a fall caused by tripping over an elevated flag in a sidewalk of the defendant city.   The jury rendered a verdict in her favor which the trial court set aside for lack of evidence that the defect had existed for sufficient time prior to the date of the fall to charge the defendant with notice.

The jury could have found the following facts: On the afternoon of June 19, 1944, the plaintiff, while walking on a public sidewalk on Bodwell Street, Hartford, stumbled over a flag which was elevated about two inches above the one immediately adjoining, fell and was injured. The weather was clear and the sidewalk dry. Grass was growing between the flags in the walk.   The plaintiff had been watching as she walked and was in the exercise of due care.   The raised flag constituted a defect.   Photographs in evidence showed the general location and one photograph pictured the defective condition.

There was no direct testimony as to the length of time the defect had existed, and in its memorandum setting aside the verdict the trial court stated that the jury could not reasonably find how long it had existed "merely by looking at the picture"; that "the pictures can have no evidential value except as illustrating the testimony of a witness"; and that "no witness has attempted to tell the jury that he ever saw the condition portrayed at any time before the pictures were taken." The court distinguished the instant case from *Falkowski* v. *MacDonald,* 116 Conn. 241, 164 A. 650, on the ground that in the latter case there was evidence in addition to that presented by photographs.   Its apparent position was that photographs cannot "speak for themselves."

In *Cunningham* v. *Fair Haven & Westville R. Co.,*

72 Conn. 244, 249, 43 A. 1047, we said: "The accuracy sufficient for the admission of a photograph as evidence is a preliminary question of fact to be determined by the trial judge, and the testimony of the photographer is not essential, if other evidence is produced which in fact convinces the court." Citing this case in *Crowell* v. *Middletown Savings Bank,* 122 Conn. 362, 370, 189 A. 172, we added that a photograph was secondary evidence and its correctness and accuracy must be proved before it can be received. See also *State* v. *Cook,* 75 Conn. 267, 270, 53 A. 589. As we said of a map in *Banks* v. *Watrous,* 134 Conn. 592, 595, 59 A. 2d 723, a photograph "is the pictorial representation of the testimony of the witness through whom it is offered in evidence." Ordinarily it should be substantiated by testimony that it is a correct representation of the conditions it depicts, and in so far as it is properly so authenticated it becomes evidence of those conditions. In this case the photographer who took the pictures submitted by the plaintiff was called as a witness, and they were offered through him. It is true that he was not directly asked whether they were correct representations of the conditions, but from the fact that no objection was made to their admission their accuracy was in effect conceded. While the verification of a photograph is a preliminary question of fact to be decided by the trial judge, its weight as evidence is for the jury. *McGar* v. *Bristol,* 71 Conn. 652, 655, 42 A. 1000. In *Falkowski* v. *MacDonald,* supra, where the trial was to the court, we said (p. 245): "If the trial court had concluded that the depression thus depicted [by photographs] could not have been of recent origin, but must have existed for a considerable time, we are not prepared to say it would have been an unreasonable inference, but the trial court reached no such conclusion."

The photographs having been properly verified, the jury could consider them as presenting a fair picture of the locus and draw reasonable inferences as to their bearing on the issues of the case. That there existed such a defect at the time of the accident was established by other evidence. The two photographs put in evidence by the plaintiff were taken the day after the fall, the two adduced by the defendant were taken about two weeks later. All four indicate a walk with grass growing in the interstices between flags in such a way as to indicate that there had been no recent change in their relative positions. None shows any indication of a recent application of force such as the trial court suggests might have caused the defect. The defendant offered evidence of an inspection of the walk on three occasions in 1944 before the date of the accident, the last on June 5. The jury might reasonably have found from this evidence that the defendant had notice of the defect if it existed at that time. They further reasonably might have found that the defect was not caused by the application of any recent extraneous force but by natural causes. The testimony was not that one flag had been depressed below the level of the adjoining one but that the flag in question was "raised up . . . more than others."

In *Donovan* v. *Connecticut Co.,* 86 Conn. 82, 86, 84 A. 288, we said: ". . . the jury may make all inferences and conclusions which, in their judgment and discretion, may logically and reasonably be drawn from the facts in evidence. . . . The test is, not that the inference must unavoidably and unerringly point in one direction, but, rather, whether the rational mind could with reasonableness draw the inference. . . . If two rational minds could reasonably draw different inferences from facts in evidence, whether controverted or uncontroverted, the decision is for the jury." There

were two conclusions that might have been drawn in the instant case. The defendant's evidence was that no such defect existed at the time of the fall or before; the plaintiff's evidence was that it existed at the time of the fall and was of such a character, and of such an appearance, as shown by the photographs, as to indicate that it had existed for a considerable time previously, certainly for the two weeks since the walk was last inspected. The direct evidence that it existed at the time of the fall tended to discredit the defendant's evidence that it did not exist at the time of inspection. We find nothing so illogical or unreasonable in the inference that the defect had existed for such a length of time as to charge the defendant with notice and the consequent duty of remedying it as to justify the court in setting the verdict aside. *Gleba* v. *New Britain,* 133 Conn. 85, 88, 48 A. 2d 227.

There is error and the case is remanded with direction to enter judgment on the verdict.

In this opinion MALTBIE, C. J., BROWN and ELLS, Js., concurred.

## ON REARGUMENT

MALTBIE, C. J. Because some of the judges were of the opinion that the decision holding the defendant bound with notice of the defect should be given further consideration, a reargument was granted. *Dickenson, J.,* could not be present and *Cornell, J.,* a judge of the Superior Court, was designated to take his place. The majority of the court adhere to the decision previously made. Their conclusions, briefly summarized, are these: There was evidence that the sidewalk had been inspected two weeks before the accident by an employee of the defendant charged with the duty of doing that work. If the sidewalk was in substantially

the same condition at that time as on the day of the accident, the city was chargeable with notice of the defect. The accident was on June 19, well beyond the period when the frost heaves referred to in *Burlant v. Hartford,* 111 Conn. 36, 37, 149 A. 132, might have occurred, and there was no evidence of any storm during the two weeks before that day. The only suggestion made by the trial court of any cause which might have resulted in raising the flagstone in question above the level of the stone next adjoining was that a heavy truck might have crossed the curb and run upon the walk; at the argument before us counsel for the defendant were asked if they could suggest any other cause, and they could not. The significance of the photograph was that it showed no disruption of the grass growing between the two flagstones such as would have resulted from a recent change of elevation, and no disturbance of a strip of turf between the sidewalk and the curb which was testified to be about three feet wide. A disturbance must almost certainly have resulted if a heavy truck had run over it. The jury is entitled to found their verdict upon evidence which affords a basis for a reasonable belief in the probability of the existence of the material facts. *White v. Herbst,* 128 Conn. 659, 661, 25 A. 2d 68. In this case we cannot hold that the jury could not reasonably infer that there had been no substantial change in the condition of the walk during the two weeks between the time it was inspected by the employee of the defendant and the day of the accident.

In this opinion BROWN and ELLS, Js., concurred.

JENNINGS, J. (dissenting). In my opinion, the evidence of the appearance of the defect at the time of the accident was entirely inadequate to justify an inference of constructive notice. There was no other

evidence.  The case resembles *Burgess* v. *Plainville,* 101 Conn. 68, 72, 124 A. 829, *Burlant* v. *Hartford,* 111 Conn. 36, 149 A. 132, and *Anderson* v. *Bridgeport,* 111 Conn. 681, 151 A. 188, rather than *Linn* v. *Hartford,* 135 Conn. 469, 66 A. 2d 115.  I think there was no error.

In this opinion CORNELL, J., concurred.