[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Linda C. Beers, seeks to recover against the City of Hartford pursuant to Connecticut General Statutes §13a-149 for injuries she sustained after she fell on an allegedly elevated sidewalk stone as she walked her two dogs on Roger Street in Hartford on April 28, 1995. After trial the court finds the following facts.
On April 28, 1995 the plaintiff was 39 years of age, and resided on Linmoore Street in Hartford where she had resided for at least one year prior to the date of her injury. On that date the plaintiff owned two dogs each of which weighed at least 50 pounds. The plaintiff had owned one dog for about a year prior to the accident and the other for about six months prior to the date of her fall. She generally walked the dogs twice a day.
On April 28, 1995 at about 5:30 p. m. the plaintiff, who weighed 100 pounds and wore glasses due to nearsightedness, set out for a walk with her two dogs and without her glasses. She left her house and walked in a westerly direction on Linmoore CT Page 6599 Street for about one half block when she came to Roger Street. She took a left onto Roger Street crossed over Freeman Street, walked for less than one half of a block on Roger Street when she stubbed her toe on a portion of a sidewalk stone which was elevated slightly above the level of the stone adjacent to it. Thereafter she fell on her right hand and broke the bone in her right small finger.
The plaintiff had walked her dogs on Roger Street many times prior to the date of the fall and she was very familiar with the sidewalk in the area on which she fell, which was only about one and one half blocks from her house.
The City of Hartford's director of public works is responsible for inspecting and maintaining sidewalks within the City. The City has a policy whereunder it considers that a sidewalk stone which is more than one inch above its adjacent sidewalk stone is defective. Another City policy requires inspection of each City street at least once per year. At the time of the plaintiff's fall the City had not inspected Roger Street since 1990. Although there was dirt and grass which had settled in the space between the elevated sidewalk stone and the adjacent stone, the disparity in elevation between the two stones was apparent upon visual inspection. In addition, the fact that the sidewalk was composed of separate stones with regular spaces between the stones was apparent from a visual inspection. The dirt and grass had the effect of decreasing the disparity between the two stones. When the dirt and grass were removed, the offending stone was measured to be two to three inches higher than the adjacent stone.
Connecticut General Statutes § 13a-149 provides, in pertinent part:
 Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. . . .
In order to prove her case against the City under § CT Page 660013a-149 the plaintiff must prove by a preponderance of the evidence (1) that the sidewalk was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) that the defendant having actual or constructive knowledge of this defect, failed to remedy it having had reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence. Lukasv. New Haven, 184 Conn. 205, 207, 439 A.2d 949 (1981).
The plaintiff sent the notice required under § 13a-149, and she established a defect in the highway.
The issue of notice is more problematic. The plaintiff clearly offered no evidence that the City had actual notice of the defect. Therefore, the plaintiff must have established constructive notice. A party has constructive notice of a defect if the defect has existed for such a length of time that it would have been known in the exercise of reasonable Baker v.Ives, 162 Conn. 295, 305, 294 A.2d 290 (1972). "It is also settled law that the notice must be of the particular defect itself which caused the injury and not merely notice of the conditions naturally productive of the defect and in fact producing it." Id. Whether there is constructive notice of the defect depends on the nature of the defect, that is, whether it is palpably dangerous given its location and the extent of the use of the highway. Tirendi v. Waterbury, 128 Conn. 464, 469-70,23 A.2d 919 (1942). The plaintiff herself, who traveled on Roger Street often, apparently never noticed the defect prior to the fall. The plaintiff did establish that the defect probably resulted from the effect of freezing and thawing on the sidewalk stone and the surrounding ground. If the fall had occurred in July or August, 1995, it would be possible to infer constructive notice on the theory that the most recent frost would have occurred at least several months prior to the fall, thereby giving the City at least two months to remedy the defect. But the fall occurred in late April. The plaintiff submitted no evidence as to the date of the last frost in 1995. Certainly it is possible to have weather which is below 32 degrees Fahrenheit in April in Connecticut. If the defect resulted from the effects of an April, 1995 frost, then the City may not have had sufficient time to detect and remedy the defect. CT Page 6601
Without the ability to draw any inference as to the length of time between the last frost and the date of the fall, the court cannot find that the defect had existed for a sufficient length of time to have been detected and remedied. Such a finding would be based on conjecture and speculation alone. It is tempting to accept the plaintiffs argument that the City should be charged with notice based on its admitted failure to inspect Roger Street for a period of five years prior to the accident. However, the fact that the defendant has not conducted inspections of Roger Street within reasonable periods of time, does not shift the burden of proof, or relieve the plaintiff of establishing that the defect had existed for a sufficient length of time to permit detection upon reasonable inspection.
In addition to her failure to prove constructive notice, the plaintiff has failed to prove that she herself was free of contributing to the accident. The plaintiff was familiar with Roger Street and its sidewalk stone configuration because she regularly walked on it. She knew or should have known that the divisions between each sidewalk stone, even if not elevated, presented a tripping hazard to a walker such as herself. The plaintiff's failure to watch where she was going coupled with the fact that she was walking two dogs whose combined weight was greater than her own and her failure to wear her glasses were proximate causes of her fall. Therefore, the defect was not the sole proximate cause of the fall, and the plaintiff cannot recover under § 13a-149.
Based on the foregoing judgment is hereby entered in favor of the defendant, City of Hartford.
By the court,
Aurigemma, J.