[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
The plaintiff seeks to recover from the defendant for injuries he received on July 3, 1994 when he fell into an open sewer drain located at the corner of Ashmun and Munson Streets in New Haven. The plaintiff had been walking on the sidewalk adjacent to the drain and was preparing to enter his car which was parked nearby.
The plaintiff offered evidence in support of his claim from Greg Carney who verified the episode and who stated he had observed the open sewer drain the week before.
The defendant argues that the plaintiff cannot prevail because he has failed to prove notice of the defect to the City.
 DISCUSSION
While there is no evidence of any actual notice to the defendant City, the plaintiff argues that in light of the circumstances existing here, the City should be charged with constructive notice. Tirendi v.Waterbury, 128 Conn. 464 (1942).
The court finds the testimony of Mr. Carney credible and concludes the plaintiff was injured because of the missing sewer grate and that it had been missing for at least a week. This area of the city is busy and heavily populated. There is at least one business establishment at or near the intersection which attracts sufficient customers to warrant the hiring of a "bouncer". The grate was missing on July 3, a time of the year with extra hours of daylight. Such a defect was obviously dangerous to vehicular and pedestrian traffic. In fact, Mr. Carney described the episode which called the defect to his attention a week before when a vehicle's wheel dropped into the sewer opening.
The court concludes that under all the circumstances, the City should be charged with constructive notice of this dangerous condition. CT Page 6708
 CONCLUSION
Having determined the liability question in favor of the plaintiff, the court concludes that the medical expenses incurred $786.65, were reasonable under the circumstances. Though not serious nor permanent, the injuries were painful.
The court therefore awards the plaintiff $786.65 in economic damages and $4500.00 in non economic damages which it deems fair and reasonable.
Judgment may enter for plaintiff in the amount of $5,286.65.
Anthony V. DeMayo, J.T.R.