ANNA M. IRISH *v.* HOWARD S. IVES, HIGHWAY
COMMISSIONER

KING, C. J., ALCORN, HOUSE, THIM and SHAPIRO, Js.

Argued March 11—decided April 1, 1969

*Robert L. Trowbridge,* with whom, on the brief, was *Richard Goodman,* for the appellant (defendant).

*William J. Shea, Jr.,* with whom, on the brief, was *John D. LaBelle,* for the appellee (plaintiff).

ALCORN, J. The plaintiff recovered a verdict for injuries sustained as a result of a fall on an allegedly defective highway. The defendant has appealed from the judgment, assigning error in the denial of his motion to set aside the verdict, in the charge, and in a ruling on evidence.

The defect was described as a break in the edge of the asphalt pavement of a road which was under

the jurisdiction and control of the defendant. The break was about three and one-half feet long, one and one-half feet wide, and two and one-half inches deep. There was no claim or proof that the defendant had actual knowledge of the break and no proof as to the length of time the break had existed. To recover under General Statutes § 13a-144, it was necessary for the plaintiff to prove either that the defendant had actual notice of the defect or that the defect had existed for such a length of time that it would have been known in the exercise of reasonable care and a reasonable opportunity would have been afforded in which to remedy it. *Shirlock* v. *MacDonald,* 121 Conn. 611, 613, 186 A. 562; *Falkowski* v. *MacDonald,* 116 Conn. 241, 243, 164 A. 650. Since the plaintiff failed to meet this essential element in her proof, the verdict cannot be supported.

It is unnecessary to discuss the other assignments of error.

There is error, the judgment is set aside and the case is remanded with direction to grant the motion to set the verdict aside.

In this opinion the other judges concurred.