[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY, JUDGMENT
On April 20, 1988, plaintiff Jennie Procaccini commenced this action by filing a one count complaint against defendants the Town of Darien, and Marilyn Van Sciver, Town Clerk. Plaintiff alleged the following facts. Plaintiff was injured on April 28, 1986 when she was caused to slip and fall on pebbles and other loose material that had accumulated where the sidewalk meets the lower parking area serving the Board of Education at the Town Hall of Darien. Defendant Town of Darien is charged with the proper care and maintenance of said sidewalk and parking lot. The condition of said area has been in existence for a long time prior to the date of plaintiff's slip and fall. Defendant Town of Darien and its officers long had or should have had notice and knowledge of said condition but wholly neglected to remedy the unsafe condition. At all times plaintiff was in the exercise of due care. Plaintiff further alleges in her complaint that on May 27, 1986, the plaintiff gave defendant Town of Darien: (1) notice of her injuries, (2) a general description of the same, (3) the cause thereof and (4) the time and place of its occurrence. Plaintiff has failed to attach a copy of said notice to its complaint. Plaintiff claims damages.
On August 5, 1988 plaintiff filed: (1) a request for leave to file an amended complaint and (2) an amended complaint (#106) adding Conn. Gen. Stat. 13a-149, the defective highway statute, to paragraph six, and by adding a second count in nuisance. Plaintiff has also attached a copy of the letter of notice dated May 27, 1986 addressed to Marilyn Van Sciver, Town Clerk of Darien.
On February 7, 1989, and on April 12, 1989, plaintiff filed two identical copies of a (#111 and #114) revised complaint. The revision adds facts, to count two, paragraph 7, that defendant Town of Darien placed the pebbles in the area CT Page 2181 where plaintiff fell.
On August 19, 1989 the defendant filed an answer and two special defenses (#115). The two special defenses were stricken on plaintiff's motion by the court (Landau, J.), on May 23, 1989 (116). On September 1, 1989 defendant filed an amended special defense (#118) alleging that count one of plaintiff's complaint is time barred by Conn. Gen. Stat. 13a-149, the defective highway statute, in that a defective highway claim was not asserted until August 3, 1988. On February 13, 1990 the court (Cioffi, J), denied plaintiff's motion to strike said special defense (#122).
On February 23, 1990 defendant filed a motion for summary judgment on its special defense. On May 1, 1990 the court (Landau, J.), denied the motion for summary judgment in that the pleadings were not closed (#138).
On February 23, 1990 plaintiff filed a reply to the special defenses (#129) and an amended complaint (#130). Plaintiff has amended count one, paragraph twelve by adding that the failure to remedy the unsafe condition was the sole proximate cause of plaintiff's injuries.
On May 16, 1990: (1) defendant filed its answer and special defense (#140) and (2) plaintiff filed its reply to the special defense (#141) to close the pleadings.
On May 18, 1990 defendant filed: (1) a motion for summary judgment on its special defense as to the first count and (2) a memorandum of law. On May 24, 1990 plaintiff filed: (1) a memorandum of law (#143), and (2) objection to the motion (#144).
Defendant, Town of Darien, argues in its memorandum in support of summary judgment that count one of plaintiff's complaint sounding in Conn. Gen. Stat. 13a-149, the defective highway statute, is time barred in that plaintiff was injured on April 28, 1986 but did not file a defective highway action until August 19, 1988. Defendant further argues that plaintiff's original complaint filed April 20, 1988 did not allege an action for defective highway.
In opposition to the motion plaintiff argues that its original complaint filed on April 20, 1988 sounds in defective highway.
Connecticut General Statutes 13a-149 and 13a-144 impose liability upon municipalities and the state respectively for injuries or damages caused by defective highways, bridges or CT Page 2182 sidewalks. "Conn. Gen. Stat. 13a-149 imposes the same duties upon the municipality as Conn. Gen. Stat. 13a-144 imposes on the state." K.L.M., Inc. v. Burns, 1 CSCR 187 (Cioffi, J., 1986) citing, Comba v. Ridgefield, 177 Conn. 268, 269-70 (1979). Any action brought pursuant to 13a-149 must be brought within two years from the date of injury. Conn. Gen. Stat. 13a-149. Notice must be given to the town within ninety days from the date of injury. Id. The giving of notice is a condition precedent to maintaining an action for defective highway. Sanger v. City of Bridgeport, 124 Conn. 183, 187 (1938); Shine v. Powers, 37 Conn. Sup. 710, 711 (App. Session 1981). Five elements are required for proper notice: (1) written notice of the injury; (2) a general description of the injury; (3) the cause thereof; (4) the time; and (5) the place of its occurrence. Conn. Gen. stat. 13a-149; Marino v. East Haven,120 Conn. 577, 579 (1935); Tarpey v. Leone, 1 CSCR 234-35 (Dean, J., 1986).
Additionally, plaintiff must prove that defendant had actual or constructive notice of the defect. Irish v. Ives,158 Conn. 116, 117 (1969). To prove constructive notice plaintiff must show that the defect had existed for such a length of time that it would have been known in the exercise of reasonable care, and a reasonable opportunity would have been afforded in which to remedy it. Mausch v. Hartford, 184 Conn. 467, 469-70
(1981).
To recover for a breach of the statutory duty, plaintiff must prove: (1) that the defect was as claimed; (2) that defendant actually knew or in the exercise of its supervision should have known of the defect; (3) that defendant failed to remedy the defect, having had a reasonable time to do so; and (4) that the defect was the sole proximate cause of the injuries and damages claimed. Lukas v. New Haven, 184 Conn. 205, 207
(1981). Sole proximate cause means that plaintiff must prove that he was not contributorily negligent, Id.; and that the injuries were not caused by a third party. D'Arcy v. Schugrue,5 Conn. App. 12, 14 (1985). In the case of Lamb v. Burns,202 Conn. 158 (1987) the court in interpreting the state defective highway statute, Conn. Gen. Stat. 13a-144, held that neither the state nor its employees are "third parties" so as to preclude the highway defect from being considered the sole legal cause of the injury. Id. at 175-76. Plaintiff's allegation, that defendant's neglect to remedy the unsafe condition caused plaintiff's injury, does not preclude the highway defect from being considered the sole proximate cause of plaintiff's injury.
Where there is no third party whose negligence may have caused the injury, an allegation that plaintiff exercised due CT Page 2183 care is tantamount to an allegation that the alleged defect was the sole proximate cause of the injury. O'Neil v. Burns,2 CSCR 3, 4 (Reynolds, J., 1986).
Therefore, the court rules that even though the statute was not specifically pled, the plaintiff sufficiently alleged a cause of action under the defective highway statute in her original complaint filed on April 20, 1988. Since this complaint was filed pursuant to Conn. Gen. Stat. 13a-149 within two years of the injury on April 28, 1986 the court denies the motion for summary judgment.
CIOFFI, J.