JULIA NICEFARO *v.* CITY OF NEW HAVEN
(AC 29851)

DiPentima, Gruendel and Pellegrino, Js.

Argued April 23—officially released August 25, 2009

*Audrey C. Kramer*, assistant corporation counsel, with whom, on the brief, was *Michael Fenton*, certified legal intern, for the appellant (defendant).

*Brenden P. Leydon*, with whom, on the brief, was *Anthony S. Bonadies*, for the appellee (plaintiff).

*Opinion*

GRUENDEL, J. The defendant, the city of New Haven, appeals from the judgment of the trial court rendered in favor of the plaintiff, Julia Nicefaro, in this trip and fall action. The defendant challenges as clearly erroneous the court's findings that (1) the defendant had constructive notice of the defect at issue and (2) the plaintiff was not contributorily negligent. We affirm the judgment of the trial court.

On March 1, 2004, at approximately 11 a.m., the plaintiff was walking on the easterly side of Orange Street

in New Haven when she tripped on a metal grate, causing her to fall to the ground and sustain physical injury. As the court found in its memorandum of decision: "At a point in [the] sidewalk near Orange Street's intersection with Chapel Street, the sidewalk narrows because of a tree planted within the sidewalk's boundary, which tree is surrounded by a metal grate, which, over time has risen, creating a tripping hazard to persons walking on [the] sidewalk. The plaintiff's exhibit three is the complaint form of the city of New Haven, department of public works, and, under 'Description of Problem,' states [that] 'on [March 1, 2004 at] 11:00 a.m. at the raised decorative metal tree grate . . . [the plaintiff] fell on unevenness and raised metal grate in sidewalk.' The plaintiff, an elderly lady, testified that she was a cancer survivor and diabetic and was walking at the side of her husband toward the Giamo Building to obtain tax forms for the filing of their tax return; that she was in good health but experienced nearsightedness requiring that she wear glasses. She was walking on the side of her husband closest to the street. The plaintiff's exhibit four shows that the tree and grate installation occupies approximately 50 percent of the sidewalk's width, thereby significantly reducing the walking area for a pedestrian approaching."

The plaintiff subsequently commenced a civil action pursuant to General Statutes § 13a-149, commonly referred to as the municipal highway defect statute. See *McIntosh* v. *Sullivan*, 274 Conn. 262, 266 n.4, 875 A.2d 459 (2005). A court trial followed, at the conclusion of which the court found in favor of the plaintiff and rendered judgment accordingly. From that judgment, the defendant appeals.

In enacting § 13a-149, our legislature "imposed a penalty upon the municipality, measured by the actual injury caused by its disobedience of the statute, and enforceable by the person injured through an action on

the statute . . . ." *Frechette* v. *New Haven*, 104 Conn. 83, 87, 132 A. 467 (1926). To recover under § 13a-149, a plaintiff "must prove, by a fair preponderance of the evidence, (1) that the highway was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence." *Lukas* v. *New Haven*, 184 Conn. 205, 207, 439 A.2d 949 (1981). The second and fourth requirements are at issue in this appeal. Significantly, the defendant does not challenge the court's determination that the grate was defective.

I

The defendant first contests the court's finding that it had constructive notice of the defective condition of the grate on which the plaintiff tripped.[1] The existence of constructive notice is a question of fact subject to the clearly erroneous standard of review. Id., 207–208; see also *Ormsby* v. *Frankel*, 54 Conn. App. 98, 103, 734 A.2d 575 (1999) ("constructive notice is a question of fact"), aff'd, 255 Conn. 670, 768 A.2d 441 (2001). "A court's determination is clearly erroneous only in cases in which the record contains no evidence to support it, or in cases in which there is evidence, but the reviewing court is left with the definite and firm conviction that a mistake has been made." (Internal quotation marks

---

[1] Although the plaintiff alleges that the claim was not preserved, the transcript of the April 2, 2008 proceeding indicates that the defendant's counsel argued that to impose liability, the court must find "either actual or constructive knowledge" of the "actual defect," rather than mere notice of conditions likely to create such defects.

omitted.) *Considine* v. *Waterbury*, 279 Conn. 830, 858, 905 A.2d 70 (2006).

A municipality "is required to exercise reasonable supervision over its streets and is chargeable with notice of what such supervision would disclose." *Mausch* v. *Hartford*, 184 Conn. 467, 469, 440 A.2d 157 (1981). That duty "is a reactive obligation, not an anticipatory obligation." *Ormsby* v. *Frankel*, 255 Conn. 670, 676, 768 A.2d 441 (2001). "The notice, actual or implied, of a highway defect causing injuries which a municipality must receive as a condition precedent [to] liability for those injuries, is notice of the defect itself which occasioned the injury, and not merely of conditions naturally productive of that defect and subsequently in fact producing it. Notice of another defect, or of the existence of a cause likely to produce the defect, is not sufficient." (Internal quotation marks omitted.) *Carl* v. *New Haven*, 93 Conn. 622, 628, 107 A. 502 (1919). Similarly, "the predictability of a future defect does not provide the requisite notice to establish municipal liability under § 13a-149." *Prato* v. *New Haven*, 246 Conn. 638, 644, 717 A.2d 1216 (1998). Rather, "to charge a defendant with constructive notice it is incumbent on the plaintiff to establish that the defect had been there a sufficient length of time and was of such a dangerous character that the defendant by the exercise of reasonable care could and should have discovered and remedied it." (Internal quotation marks omitted.) *Tirendi* v. *Waterbury*, 128 Conn. 464, 468, 23 A.2d 919 (1942).

Although municipal liability under § 13a-149 arises from the breach of a statutory duty; *Lukas* v. *New Haven*, supra, 184 Conn. 212; negligence principles are relevant to the municipal highway defect statute. *Prato* v. *New Haven*, supra, 246 Conn. 645. A prerequisite to the application of those principles is the existence of an actual defect. As our Supreme Court has explained:

"Before one can rely upon the principles of reasonableness and ordinary care to infer notice of a defect under § 13a-149, the claimed highway defect must actually exist. Municipalities are not liable under § 13a-149 for failure to inspect and discover a potential defect, or a defect that might arise at some future time. . . . [T]he reasonable duty to inspect and discover defects does not arise until there is an actual defect in the highway." (Citations omitted.) Id., 646. Because the defendant does not contest the court's finding that the grate on which the plaintiff tripped was defective, the court properly could rely on principles of negligence to infer notice of that defect.

Under principles of negligence, "municipalities must use reasonable care in discovering the existence of a defect, and negligent ignorance of a defect may support a finding that the municipality should have discovered the defect." Id., 645. What constitutes reasonable care in that context is a fact specific inquiry. As the Supreme Court has observed: "What the law requires of [municipalities], and all that it requires, is the exercise of such efforts and the employment of such measures—directed to the end that their streets and walks be maintained in a reasonably safe condition, all the circumstances of the situation considered—as, in view of the circumstances and conditions, are in themselves reasonable. The circumstances to be taken into account, and the considerations to be weighed, in determining what is reasonable to be done, and what is a reasonable condition to be sought after and attained, if reasonably attainable, are many. . . . [Our courts] have realized, and frequently expressed, the impossibility of framing one of universal application in other than general language which is elastic in that it embodies the qualification of reasonableness under all the circumstances at every turn of the definition. The accepted general rule looks constantly to the ever changing circumstances of

situations, and its key-note throughout is reasonableness in view of the circumstances as they appear upon each occasion." *Carl* v. *New Haven*, supra, 93 Conn. 625–26. For that reason, "the circumstances of each case must be examined." *Prato* v. *New Haven*, supra, 246 Conn. 646. On the particular circumstances presented in this case, we agree with the court that the defendant failed to exercise reasonable care over its sidewalks.

Although the defendant does not dispute that a defect existed, the mere existence of a defect does not establish liability under § 13a-149. *Langton* v. *Westport*, 38 Conn. App. 14, 19, 658 A.2d 602 (1995). It must also be demonstrated that the "defect had been there a sufficient length of time and was of such a dangerous character that the defendant by the exercise of reasonable care could and should have discovered and remedied it." (Internal quotation marks omitted.) *Tirendi* v. *Waterbury*, supra, 128 Conn. 468. In its memorandum of decision, the court did not find that the grate's defective condition was a recent development. Rather, the court specifically found that the grate had risen "over time . . . ." That finding is supported by the testimony of Christy Dlugolenski, the deputy director of parks and squares for the defendant, who testified that, as trees grow, the metal grates surrounding them are prone to rising. Dlugolenski testified that such a defect "doesn't happen overnight," but, rather, occurs "over a moderate period of time." In addition, our Supreme Court has stated that "[i]nferences as to prior existence [of a highway defect] for a considerable time, which might arise from a condition necessarily more or less permanent or of slow development" are permitted in certain circumstances. *Burlant* v. *Hartford*, 111 Conn. 36, 37, 149 A. 132 (1930); see also *Linn* v. *Hartford*, 135 Conn. 469, 471–72, 66 A.2d 115 (1949). Given Dlugolenski's testimony regarding the slow development of the defect

at issue, the court reasonably could have inferred that the defect existed for a period of time sufficient for the defendant to have had constructive notice thereof.

Furthermore, to the extent that the defendant now complains that the court's finding lacked clarity, it was incumbent on the defendant, as the appellant, to seek articulation of that factual determination. Under our rules of practice, it is the sole responsibility of the appellant to provide this court with an adequate record for review. Practice Book § 61-10. Practice Book § 66-5 permits an appellant to seek an articulation by the trial court of the factual and legal basis on which it rendered its decision. "[A]n articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification. . . . An articulation may be necessary where the trial court fails completely to state any basis for its decision . . . or where the basis, although stated, is unclear. . . . The purpose of an articulation is to dispel any . . . ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal." (Citations omitted; internal quotation marks omitted.) *Fantasia* v. *Milford Fastening Systems*, 86 Conn. App. 270, 283, 860 A.2d 779 (2004), cert. denied, 272 Conn. 919, 866 A2d 1286 (2005). "[W]e will, in the absence of a motion for articulation, assume that the trial court acted properly." (Internal quotation marks omitted.) *Berglass* v. *Berglass*, 71 Conn. App. 771, 789, 804 A.2d 889 (2002). The defendant did not request an articulation in the present case.[2]

Our Supreme Court has also instructed that "[t]he nature of the defect is an important consideration in

---

[2] We do not suggest that the defendant bears the burden of proof in the present case; that burden belonged to the plaintiff. At the same time, when a party pursues a given claim on appeal, it is responsible for providing this court with an adequate record for review.

determining whether a municipality is chargeable with constructive notice of it." *Tirendi* v. *Waterbury,* supra, 128 Conn. 468; see also *Prato* v. *New Haven,* supra, 246 Conn. 645–46 (duty to make reasonable inspection depends in part on nature of defect). The trial court found, and the defendant does not dispute, that the grate at issue (1) occupied "approximately 50 percent of the sidewalk's width, thereby significantly reducing the walking area" for pedestrian travel, (2) occupied a "downtown location . . . where heavy pedestrian traffic would be expected" and (3) "over time has risen, creating a tripping hazard to persons walking on [the] sidewalk." Those determinations find support in the testimony of Dlugolenski and the plaintiff, as well as multiple photographs of the defective grate that were admitted into evidence.

Returning our attention to the question of reasonable care in discovering the defect, we note that "[t]he test is not whether a defect would have been disclosed by an examination of the particular street, but rather whether it would have been disclosed by a reasonable supervision of the streets of the city as a whole." *Meallady* v. *New London,* 116 Conn. 205, 209, 164 A. 391 (1933); see also *Tirendi* v. *Waterbury,* supra, 128 Conn. 468. At the same time, a municipality is required to exercise a greater degree of care over its sidewalks than other traveled ways. *Meallady* v. *New London,* supra, 209; *Ritter* v. *Shelton,* 105 Conn. 447, 452, 135 A. 535 (1927); *Frechette* v. *New Haven,* supra, 104 Conn. 87 (municipality's duty "is to maintain its streets in a reasonably safe condition for travelers thereon; the care required obviously being greater over the sidewalk than over the traveled way"). Thus, the defendant's reasonable care in the present case is measured not by its supervision of the particular sidewalk on which the plaintiff fell, but by the supervision of the defendant's sidewalks as a whole.

It is axiomatic that "[t]he credibility of the witnesses and the weight to be given their testimony is for the trier." *Lukas* v. *New Haven,* supra, 184 Conn. 208; *Fukelman* v. *Middletown,* 4 Conn. App. 30, 31, 492 A.2d 214 (1985). As such, the court, as trier of fact, was "free to accept or reject, in whole or in part, the testimony offered by either party." (Internal quotation marks omitted.) *Somers* v. *Chan,* 110 Conn. App. 511, 530, 955 A.2d 667 (2008). In its memorandum of decision, the court emphasized that Dlugolenski had testified that "she and the department were aware that these grates were purposely placed around young, neatly placed trees to aid water absorption into the soil to reach the roots of the trees, and she testified further that her department was aware of the fact that, as these trees grew and their root systems expanded, the pressure of the roots would cause the grates to rise above the sidewalk surface. She testified further that she knew that these grates could constitute a tripping hazard for persons walking on sidewalks." Dlugolenski also testified that the condition of the grate at issue was such that "[i]t would have been put on a list to be ameliorated" had the defendant detected it. She further testified that her department had "moved away from tree grates as a way to circle trees because of the fact that the trees grow into them."

In addition, Dlugolenski testified that no maintenance, inspection or repair records regarding the sidewalks existed. By contrast, in *Burlant* v. *Hartford,* supra, 111 Conn. 38, a case in which the court concluded that constructive notice did not exist, "[t]he evidence disclosed numerous sidewalk inspections on [the street on which the plaintiff fell] in 1927, and on January 5th and 18th and February 2d and 11th, 1928. The inspectors were instructed to report any variations of more than three fourths of an inch out of level in flagstone walks and orders were given to relay them. Several such orders were issued on February 25th as to sidewalks

on [the street on which the plaintiff fell] in the vicinity of the premises in question." Dlugolenski also testified that at the time of the accident in 2004, she was "understaffed." As a result, Dlugolenski acknowledged that she was without adequate staff to maintain inspection reports or reports of work orders. Dlugolenski's testimony further supports the court's finding that "no inspections were scheduled prior to the plaintiff's fall or after her fall . . . ."

On the particular facts and circumstances presented in this record, we conclude that the court properly determined that the defendant failed to exercise reasonable care over its sidewalks. Accordingly, we cannot say that the court's finding of constructive notice was clearly erroneous.

## II

The defendant next disputes the court's finding that the plaintiff was not contributorily negligent.[3] Like the prior claim, the contention is governed by the clearly erroneous standard of review. *Lukas* v. *New Haven*, supra, 184 Conn. 207–208.

To recover under § 13a-149, a plaintiff must prove, inter alia, that the defect was the sole proximate cause of her injuries. See id., 207; *McGloin* v. *Southington*, 15 Conn. App. 668, 675, 546 A.2d 906, cert. denied, 209 Conn. 813, 550 A.2d 1083 (1988). Our Supreme Court first identified sole proximate cause as the standard for determining municipal liability in *Bartram* v. *Sharon*, 71 Conn. 686, 690, 43 A. 143 (1899), stating: "It is the statute only, which entitles the plaintiff to compensation for his injury when that injury is caused through

---

[3] The plaintiff again alleges that the claim was not preserved. To the contrary, the defendant's counsel at the April 2, 2008 proceeding argued that a prerequisite to recovery under § 13a-149 is the plaintiff's freedom from contributory negligence and suggested that the plaintiff did not exercise due care.

or by means of a defect in the highway. If the negligence of himself or of a third person is also a proximate cause, he cannot say with truth that he was injured by the defect; he can only say with truth that he was injured by his own or another's carelessness and the defect, and the two combined give no cause of action under the statute." The Supreme Court since has rebuffed attempts to abandon the sole proximate cause standard. See *White* v. *Burns*, 213 Conn. 307, 336, 567 A.2d 1195 (1990); see also *Smith* v. *New Haven*, 258 Conn. 56, 61–65, 779 A.2d 104 (2001) (discussing development of proximate cause standard in highway defect cases).

Because a plaintiff seeking recovery under § 13a-149 must prove that the defect was the sole proximate cause of her injuries, it follows that the plaintiff must demonstrate freedom from contributory negligence. *Szachon* v. *Windsor*, 29 Conn. App. 791, 798, 618 A.2d 74 (1992); *McGloin* v. *Southington*, supra, 15 Conn. App. 675 (no presumption under § 13a-149 that plaintiff exercising due care at time of injury); *Janow* v. *Ansonia*, 11 Conn. App. 1, 3, 525 A.2d 966 (1987). To do so, a plaintiff must have suffered injury while using the defective highway "with due care and skill." (Internal quotation marks omitted.) *Bartram* v. *Sharon*, supra, 71 Conn. 695. In her complaint, the plaintiff alleged not only that the grate was defective, but also that she was in the exercise of due care at the time of her injury. In its answer, the defendant did not deny that allegation; it averred that it lacked sufficient knowledge on which to form a belief and thus left to the plaintiff her burden of proof. The defendant did not allege, as a special defense, that the plaintiff's injuries were proximately caused by her negligence. Cf. *Janow* v. *Ansonia*, supra, 4.

In her closing argument, the defendant's counsel stated: "[The location of the plaintiff's fall] is an area that's delineated . . . by granite blocks, and there's a grate there. Now, the plaintiff said she didn't see the

grate before she walked on it. It's . . . clearly a different color, and there is a perfectly good section of sidewalk for her to walk on. She . . . chose not to look, and I don't think you need to be looking down to see that grate; I think the reasonably prudent person is looking ahead, sees a tree. There's issues with trees; there are roots. This one happened to have a grate. And when a tree is growing in a sidewalk . . . there is the issue that if she was using her . . . faculties in the appropriate way, she would have reasoned that she couldn't walk in this particular area if she had looked. So, the law is, if she's any percent negligent, then she doesn't recover . . . ." In its memorandum of decision, the court rejected that claim, expressly declining to attribute any contributory negligence to the plaintiff.

That determination finds support in the record before us. At trial, the plaintiff testified as to the events of the morning of March 1, 2004, and the manner in which she conducted herself as she walked on Orange Street. As sole arbiter of credibility, the court was free to credit that testimony and find that the plaintiff exercised due care. See *Lukas* v. *New Haven*, supra, 184 Conn. 208; *Somers* v. *Chan*, supra, 110 Conn. App. 530. We therefore conclude that the court's finding of no contributory negligence was not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.