## PAULINA LOMBARDI v. TOWN OF EAST HAVEN ET AL.
### (AC 31181)

Bishop, Alvord and Schaller, Js.

Argued November 30, 2010—officially released February 15, 2011

*Nancy F. Myers*, with whom, on the brief, was *Hugh F. Keefe*, for the appellant (named defendant).

*William F. Gallagher*, with whom, on the brief, were *Hugh D. Hughes* and *Joseph P. Friedler*, for the appellee (plaintiff).

### Opinion

SCHALLER, J. The plaintiff, Paulina Lombardi, sustained injuries as a result of a trip and fall accident over a three inch raised sidewalk slab on Main Street in East Haven and commenced an action against the defendant town of East Haven[1] pursuant to the municipal highway defect statute, General Statutes § 13a-149.[2]

---

[1] Prior to trial, the plaintiff withdrew the second count of her complaint against the defendant F. C. Russo Family, LLC. We therefore refer in this opinion to the town of East Haven as the defendant.

[2] General Statutes § 13a-149 provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause

Following a two day trial, the jury returned a verdict in the plaintiff's favor and awarded her damages in the amount of $173,365.25. The trial court denied the defendant's motion for a directed verdict and motion to set aside the verdict, and rendered judgment in favor of the plaintiff. The defendant appeals, claiming that (1) the court abused its discretion by admitting certain evidence, including (a) the testimony of the plaintiff's expert, an engineer, and (b) a record of telephone calls that the defendant received pertaining to Main Street, and (2) the plaintiff failed to prove essential elements of her claim under the highway defect statute, including (a) the defendant's actual or constructive knowledge of the defect and (b) that the defect was the sole proximate cause of her injuries. We affirm the judgment of the trial court.

In her complaint, the plaintiff alleged that on March 15, 2005, at approximately 4:30 p.m., she was exercising due care while walking on the public sidewalk on the north side of Main Street in East Haven when she was caused to trip and fall over an uneven portion of the sidewalk. As a result of her fall, she sustained injuries including two transverse fractures, which required several surgeries, a syndrome known as reflex sympathetic dystrophy, and 33 percent permanent partial disability of her left hand. Additional facts will be set forth as necessary.

I

The defendant claims that the court abused its discretion by admitting certain evidence, including the testimony of the plaintiff's expert, an engineer, and a record

---

thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. . . ."

of telephone calls that the defendant received pertaining to Main Street. We are not persuaded.

As a preliminary matter, we set forth the well established standard of review. "[T]he trial court has broad discretion in ruling on the admissibility . . . of evidence . . . [and its] ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion." (Internal quotation marks omitted.) *Desrosiers* v. *Henne*, 283 Conn. 361, 365, 926 A.2d 1024 (2007).

## A

The defendant claims that the testimony of Michael Miller, an engineer, should have been precluded because it was "irrelevant, speculative, lacked foundation, usurped the jury's function and was not helpful to the jury in considering the issues involved in this case." Prior to the start of evidence, the defendant filed a motion to preclude Miller's testimony on substantially the same basis. At a hearing on the motion, Miller testified as to his education and qualifications as a licensed professional engineer and his years of experience conducting forensic engineering investigations, particularly with regard to pedestrian safety cases. He also testified as to the basis of his opinion regarding the cause of the sidewalk defect. The court denied the defendant's motion, reasoning that Miller had knowledge and experience beyond that of the average juror, that he based his opinions on his observations of the sidewalk and his experience, and that any other challenges with respect to the basis of his opinion went to its weight, not its admissibility.

Miller testified that he visited the area of the plaintiff's fall three months after the accident and observed the sidewalk, the grass median between the sidewalk and

the road, and a tree growing within the grass median. He noted that, at a joint between two slabs of the concrete sidewalk, the sidewalk was uplifted so that the part of the sidewalk closer to the tree was higher than the part that is farthest from the tree. He measured the height nearest the tree as just over three inches. He showed the jury two photographs of the scene, which were admitted as full exhibits, and described two visible tree roots, one growing parallel to the sidewalk and one growing perpendicular to and in the direction of the sidewalk. He testified that, in his opinion, what "more probably than not" caused the uplift of the sidewalk was the growth of the tree and the pressure underneath the slab from the tree's roots. He testified further that the condition occurred over a period of years rather than over a few days, weeks or months. In his opinion, the condition of the sidewalk existed for at least one year. On cross-examination, Miller testified that he had never been responsible for the maintenance and safety of municipal sidewalks, he was not an expert on trees, and he did not know whether the sidewalk predated the tree, how old the sidewalk was or precisely how long the defect had existed. He also testified that, as part of his investigation, he did not dig under the public sidewalk to confirm that a root was actually under it.[3]

Our Supreme Court "recently articulated the test for the admission of expert testimony, which is deeply rooted in common law. Expert testimony should be admitted when: (1) the witness has a special skill or knowledge directly applicable to a matter in issue, (2) that skill or knowledge is not common to the average person, and (3) the testimony would be helpful to the court or jury in considering the issues. . . . In other words, [i]n order to render an expert opinion the witness must be qualified to do so and there must be a

---

[3] The defendant's counsel did note that digging under the public sidewalk probably would have been illegal.

factual basis for the opinion." (Citations omitted; internal quotation marks omitted.) *Sullivan* v. *Metro-North Commuter Railroad Co.*, 292 Conn. 150, 158, 971 A.2d 676 (2009). "Once the threshold question of usefulness to the jury has been satisfied, any other questions regarding the expert's qualifications properly go to the weight, and not to the admissibility, of his testimony." *Davis* v. *Margolis*, 215 Conn. 408, 417, 576 A.2d 489 (1990).

The defendant maintains that expert testimony was unnecessary as to whether the defect constituted a hazard because the defect was obvious to an ordinary juror. Based on our review of the record and Miller's testimony, we conclude that the court did not abuse its discretion in finding that Miller qualified as an expert in the field of pedestrian safety and that his opinion assisted the jury in determining issues of fact. See Conn. Code Evid. § 7-2.

Our code of evidence provides that an expert may give an opinion "provided sufficient facts are shown as the foundation for the expert's opinion." Id., § 7-4 (a). "The facts in the particular case upon which an expert bases an opinion may be those perceived by or made known to the expert at or before the proceeding. . . ." Id., § 7-4 (b). "[A]n expert may have personal knowledge of the underlying facts. . . . [A]n expert may rely on information 'made known' to the expert before trial provided that information is customarily relied on by experts in the field." (Citations omitted.) C. Tait & E. Prescott, Connecticut Evidence (4th Ed. 2008) § 7.9.1, pp. 429–30. "There are several 'secondhand sources' of information available to an expert. First, as a general matter, a witness' qualification as an expert is founded on the expert's education, training, and experience, all of which consists of the absorption and evaluation of information and experience of others. . . . The use of

such information is clearly permissible under this provision . . . ." Id., § 7.9.3, pp. 430–31.

The defendant also maintains that, based on the testimony elicited during its cross-examination, it is clear that Miller's testimony regarding the length of time it took for the uplift to occur lacked foundation and was based on pure speculation. Based on our review of Miller's testimony, we are persuaded that his opinion was based on his direct observation of the defect as well as his training and his knowledge gained from years of experience conducting forensic engineering investigations in pedestrian safety cases. The defendant's challenges go to the weight that should be afforded Miller's testimony, not its admissibility. Accordingly, we cannot conclude that the court abused its discretion in finding Miller's testimony admissible.

B

The trial court admitted into evidence a record of telephone calls, or a "call log," pertaining to complaints that the defendant received regarding conditions that needed attention on Main Street from January 2, 2003, to June 29, 2005, over the defendant's objection. The call log contains no complaints pertaining to the sidewalk in front of 641 Main Street, the precise location of the defect at issue. The defendant maintains that the call log is, therefore, not relevant to whether it had notice of the particular defect. The plaintiff maintains that the call log was relevant to demonstrate that the defendant received notice of defects only through the observations of citizens and its employees and that, although employees responded to various problems on Main Street, they failed to pay attention to other defects, including the condition in question. We conclude that the evidence was relevant to, though not conclusive of, whether the defendant could be charged with constructive notice,

and, therefore, the court did not abuse its discretion by admitting the call log.

The following additional facts are relevant to the defendant's claim. Mario Ricozzi, who was director of public services and town engineer for the defendant in March, 2005, testified regarding how the defendant received notice of sidewalk defects: people called the defendant regarding the defect, or they called about other problems, and, when the defendant's employees addressed the unrelated problem and noticed a sidewalk defect, they would report it.[4] The dispatcher who received calls from the public would record those calls on a call log contemporaneously in the ordinary course of business.

Thereafter, the plaintiff attempted to admit the call log into evidence. The defendant challenged the relevance of the call log on the ground that there were no complaints therein pertaining to the sidewalk defect at issue. The plaintiff argued that the document was "illustrative of the number of times the [defendant] received calls regarding problems on [the] very street where the incident occurred." She stated: "I think that it will assist the jury in understanding how many times the [defendant] was called out to this general vicinity and yet still failed to fulfill [its] duty to inspect this sidewalk, to identify the problem [and to] rectify it."

The court admitted the call log as a full exhibit because it qualified under the business record exception and it was at least "slightly" relevant to allow the plaintiff to meet her burden. Ricozzi testified further that, although the call log reflects that the defendant responded to seventy-six calls to various parts of Main

---

[4] Ricozzi testified that the calls in the call log involved a wide range of services, including bagging leaves, picking up bulky waste and fixing a fallen flag, not necessarily sidewalk defects.

Street during the approximately eighteen months represented in the call log, no employee of the defendant reported the sidewalk defect at issue during that time.

The following legal principles guide our analysis. "Relevant evidence is evidence that has a logical tendency to aid the trier in the determination of an issue. . . . One fact is relevant to another if in the common course of events the existence of one, alone or with other facts, renders the existence of the other either more certain or more probable. . . . Evidence is irrelevant or too remote if there is such a want of open and visible connection between the evidentiary and principal facts that, all things considered, the former is not worthy or safe to be admitted in the proof of the latter. . . . Evidence is not rendered inadmissible because it is not conclusive. All that is required is that the evidence tend to support a relevant fact even to a slight degree, so long as it is not prejudicial or merely cumulative. . . . [T]he relevance requirement . . . is a fairly low hurdle . . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Allen*, 289 Conn. 550, 562, 958 A.2d 1214 (2008).

The defendant challenges the relevance of the call log on the ground that there was testimony that Main Street runs from one end of town to the other and that there was no evidence presented as to the distance of the areas involved in the call log in relation to the location of the plaintiff's accident. Accordingly, the defendant maintains that the call log was irrelevant to whether it had notice of the defect. The defendant is correct insofar as the call log is irrelevant as to whether it had *actual* notice of the defect. As discussed in part II A of this opinion, however, the plaintiff argued that the defendant had *constructive* notice of the defect. An element of constructive notice in the context of a claim arising under § 13a-149 is whether the defect would have been disclosed by a reasonable supervision of the

streets of the town as a whole. See *Nicefaro* v. *New Haven,* 116 Conn. App. 610, 618, 976 A.2d 75, cert. denied, 293 Conn. 937, 981 A.2d 1079 (2009), quoting *Meallady* v. *New London,* 116 Conn. 205, 209, 164 A. 391 (1933).

From our review of the evidence, we cannot conclude that the call log failed to support a relevant fact even to a slight degree. Although the call log was not conclusive as to whether the defendant's employees went to the precise area of the defect and failed to notice or to report it, it did tend to show that various citizens called the defendant's attention to conditions on Main Street. It also tended to show the manner in which the defendant supervised Main Street, and, by reasonable inference, its sidewalks as a whole, during the relevant period. Accordingly, we cannot conclude that the trial court abused its broad discretion by admitting the call log.

II

The defendant's remaining claims involve the plaintiff's failure to prove essential elements of her claim under the highway defect statute. "In enacting § 13a-149, our legislature imposed a penalty upon the municipality, measured by the actual injury caused by its disobedience of the statute, and enforceable by the person injured through an action on the statute . . . . To recover under § 13a-149, a plaintiff must prove, by a fair preponderance of the evidence, (1) that the highway was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries

and damages claimed, which means that the plaintiff must prove freedom from contributory negligence." (Citation omitted; internal quotation marks omitted.) *Nicefaro* v. *New Haven*, supra, 116 Conn. App. 612–13. Only the determination that the sidewalk was defective is unchallenged in the present appeal.

The defendant's claims in this regard relate to questions of fact that are subject to the clearly erroneous standard of review. "A court's determination is clearly erroneous only in cases in which the record contains no evidence to support it, or in cases in which there is evidence, but the reviewing court is left with the definite and firm conviction that a mistake has been made." (Internal quotation marks omitted.) *Considine* v. *Waterbury*, 279 Conn. 830, 858, 905 A.2d 70 (2006).

A

The defendant argues that the plaintiff failed to prove, by a fair preponderance of the evidence, that it had constructive notice of the defect.[5] We disagree.

"The existence of constructive notice is a question of fact subject to the clearly erroneous standard of review." *Nicefaro* v. *New Haven*, supra, 116 Conn. App. 613.

We set forth the applicable principles of law. "[T]he mere existence of a defect does not establish liability under § 13a-149." Id., 616. Rather, "[a] municipality is required to exercise reasonable supervision over its streets and is chargeable with notice of what such supervision would disclose. . . . That duty is a reactive obligation, not an anticipatory obligation. . . . The notice, actual or implied, of a highway defect causing

---

[5] We note that the defendant does not dispute that the sidewalk defect exists and the plaintiff does not dispute that she failed to prove that the defendant had *actual* notice of the defect.

injuries which a municipality must receive as a condition precedent [to] liability for those injuries, is notice of the defect itself which occasioned the injury, and not merely of conditions naturally productive of that defect and subsequently in fact producing it." (Citations omitted; internal quotation marks omitted.) Id., 614.

"[T]o charge a defendant with constructive notice it is incumbent on the plaintiff to establish that the defect had been there a sufficient length of time and was of such a dangerous character that the defendant by the exercise of reasonable care could and should have discovered and remedied it." (Internal quotation marks omitted.) Id. "[O]ur Supreme Court has stated that [i]nferences as to prior existence [of a highway defect] for a considerable time, which might arise from a condition necessarily more or less permanent or of slow development are permitted in certain circumstances." (Internal quotation marks omitted.) Id., 616; compare *Burlant* v. *Hartford*, 111 Conn. 36, 37, 149 A. 132 (1930) (undisputed evidence of effect of frost on level of flagstone walk rendered unavailable any such inferences) with *Linn* v. *Hartford*, 135 Conn. 469, 471–72, 66 A.2d 115 (1949) ("[i]n view of the character of the pavement in question, the finding that the condition had developed gradually over a period of a year or more was sufficient to sustain the conclusion that the defendant had constructive notice").

In the present case, the plaintiff presented expert testimony that the sidewalk defect was more probably than not caused by a tree root growing and exerting pressure under the sidewalk slab, that such condition developed over time and that the defect existed for at least one year. See *Nicefaro* v. *New Haven*, supra, 116 Conn. App. 616–17 ("[g]iven [the] testimony regarding the slow development of the defect [caused by tree roots], the court reasonably could have inferred that the defect existed for a period of time sufficient for the

defendant to have had constructive notice thereof"); see also *Linn* v. *Hartford*, supra, 135 Conn. 471–72. We cannot conclude that the plaintiff failed to establish constructive notice as a matter of law when, as here, there was evidence as to the length of time the defect existed that the jury reasonably could have credited. Cf. *Irish* v. *Ives*, 158 Conn. 116, 117, 256 A.2d 245 (1969) (plaintiff failed to establish constructive notice as matter of law when there was no proof as to how long defect existed).

Returning our attention to the question of reasonable care in discovering the defect, we note that "[t]he test is not whether a defect would have been disclosed by an examination of the particular street, but rather whether it would have been disclosed by a reasonable supervision of the streets of the city as a whole. . . . At the same time, a municipality is required to exercise a greater degree of care over its sidewalks than other traveled ways. . . . Thus, the defendant's reasonable care . . . is measured not by its supervision of the particular sidewalk on which the plaintiff fell, but by the supervision of the defendant's sidewalks as a whole." (Citations omitted; internal quotation marks omitted.) *Nicefaro* v. *New Haven*, supra, 116 Conn. App. 618.

Ricozzi, the director of public services and town engineer for the defendant when the plaintiff's accident occurred in March, 2005, testified that the defendant had over 100 miles of sidewalk to maintain. For two years prior to his appointment in January, 2005, no town employee held his position. Rather, a consulting engineering company acted as the de facto engineer. There was no standing contract for sidewalk repairs when he took office in January, 2005; rather, contractors could be called on an ad hoc basis. Sidewalk repairs were prioritized by geography. The defendant learned about defects through the observations of its employees and from reports from the public. Such reports from

the public were recorded in a call log. The plaintiff presented as evidence the call log for Main Street during the period of January 2, 2003, to June 29, 2005, which tended to show the presence of the defendant's employees on Main Street generally, though not necessarily in the area of the claimed defect.

Although the defendant argues that it had a reasonable practice for supervising its sidewalks as a whole, from the testimony regarding the ad hoc approach to sidewalk maintenance and in light of the evidence regarding the length of time that the particular defect existed, the jury reasonably could have concluded that the defendant's supervision of its sidewalks as a whole was inadequate. Accordingly, the defendant's claim must fail.[6]

B

The defendant also claims that the plaintiff failed to prove that the alleged sidewalk defect was the sole proximate cause of her injuries. The plaintiff argues in response that the defendant raises only questions of fact that the jury decided adversely to the defendant. We agree with the plaintiff.

Whether the plaintiff was contributorily negligent is a question of fact subject to the clearly erroneous standard of review. Id., 620. "Because a plaintiff seeking recovery under § 13a-149 must prove that the defect

---

[6] The defendant did not brief separately its claim that the plaintiff failed to prove that the defendant, having constructive knowledge of this defect, failed to remedy it, having had a reasonable time, under all the circumstances, to do so. We consider this claim to be abandoned insofar as it is distinct from the claim that the plaintiff failed to prove constructive notice and/or failed to prove that the defect existed for any length of time. See *Connecticut Light & Power Co.* v. *Dept. of Public Utility Control*, 266 Conn. 108, 120, 830 A.2d 1121 (2003) ("[w]here a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned" [internal quotation marks omitted]).

was the sole proximate cause of her injuries, it follows that the plaintiff must demonstrate freedom from contributory negligence." Id., 621. "To do so, a plaintiff must have suffered injury while using the defective highway with due care and skill." (Internal quotation marks omitted.) Id.

The defendant's argument is that the condition of the sidewalk was so obvious that an ordinarily prudent person would have seen it and, consequently, that the plaintiff's failure to exercise due care must have contributed to her injuries. The defendant emphasizes that if the plaintiff was even 1 percent negligent, she may not recover under the statute. The plaintiff testified as to the manner in which she conducted herself when she walked on Main Street the day of her accident. Specifically, she testified that she was wearing sneakers, she was looking around and ahead, she was not distracted with a cell phone or a music device and she was not running. As the sole arbiter of credibility, the jury was free to credit that testimony and to find that the plaintiff exercised due care. See id., 622. Because there was evidence in the record from which the jury could have concluded that the plaintiff was free of contributory negligence, the defendant's claim must fail.

The judgment is affirmed.

In this opinion the other judges concurred.