******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

FRANCES NIKIDES *v.* TOWN OF
WETHERSFIELD ET AL.
(AC 35194)

Lavine, Robinson and Sheldon, Js.*

*Argued November 12, 2013—officially released February 11, 2014*

(Appeal from Superior Court, judicial district of
Hartford, Prescott, J. [motion to dismiss]; Woods, J.
[summary judgment motion]; Schuman, J. [judgment;
motion for directed verdict].)

*Thomas R. Gerarde*, with whom was *Alan R. Dembic-
zak*, for the appellant (named defendant).

*D. Lincoln Woodard*, for the appellee (plaintiff).

*Opinion*

SHELDON, J. The defendant town of Wethersfield[1] appeals from the trial court's denial of its motion for a directed verdict, to set aside the verdict and for judgment notwithstanding the verdict following a jury trial resulting in a verdict in favor of the plaintiff, Frances Nikides. The defendant claims that the court erred in concluding that the jury reasonably could have found that the plaintiff was exercising due care as a reasonably prudent person at the time that she encountered the defective condition of the sidewalk on which she fell and suffered injuries. The defendant also claims that the court erred in rendering judgment in favor of the plaintiff and denying the motion for a directed verdict, to set aside the verdict and for judgment notwithstanding the verdict. We disagree with the defendant and affirm the judgment of the trial court.

The following facts, as the jury reasonably could have found them, are relevant to our resolution of the defendant's claim. On October 9, 2008, the plaintiff was walking her two dogs on a sidewalk along Wells Road in Wethersfield. The plaintiff testified that her typical daily route to walk her dogs did not involve walking on Wells Road.[2] As she approached a railroad crossing, she saw ahead of her a crack in the last concrete slab of the sidewalk before the railroad crossing. The crack, which was shown to the jury in a photograph taken from the perspective of a pedestrian walking in the same direction as the plaintiff toward the railroad crossing, spanned diagonally across the far right hand corner of the sidewalk slab. There was a gravel ditch to the right of the cracked portion of the slab that was littered with broken glass and trash. The plaintiff made a "mental note" of the crack, and as she approached it, she chose to step over it, testifying that she "walk[s] over cracks all the time. I had to step over it to avoid it." At trial, the plaintiff testified that although nothing prevented her from walking around the crack, she had made the conscious decision to step over it.

As the plaintiff was stepping over the crack, she looked to her left and to her right to see if a train was coming before crossing the railroad tracks. After stepping over the crack, the plaintiff's foot landed on a broken piece of sidewalk that had sloped downward, dropping off from the level portion of the sidewalk— a defect that she did not perceive prior to initiating her step over the crack. As a result, she fell and landed in the gravel ditch, suffering serious and permanent personal injuries to her shoulder, wrist, thumb and little finger.

At trial, the plaintiff testified that if she had been looking down while stepping over the crack, she would have seen the sloped portion of the sidewalk. She also testified that she could have stopped before what she

perceived to be just a crack to look left and right to make sure a train was not approaching, and then watched as she stepped over the crack.

The plaintiff brought this action against the defendant under General Statutes § 13a-149.[3] At trial, following the close of the plaintiff's evidence, the defendant moved for a directed verdict, arguing that no reasonable jury could conclude, on the basis of the evidence presented, that the alleged defect was the sole proximate cause of the plaintiff's fall and her resulting injuries. The court denied the defendant's motion, and the jury returned a verdict in favor of the plaintiff. On October 18, 2012, the defendant filed a motion for a directed verdict, to set aside the verdict and for judgment notwithstanding the verdict. On November 12, 2012, the court denied the motion, holding that "the jury could reasonably have found that the plaintiff was exercising due care but simply did not see or appreciate the large drop and slant of the broken piece of sidewalk that caused her to fall. Because this evidence supports the jury's verdict, the court must deny the defendant's post-verdict motions to set aside the verdict, for a directed verdict, and for judgment notwithstanding the verdict." This appeal followed. Additional facts will be set forth as necessary.

"The standard for reviewing the denial of motions to set aside the verdict and for judgment notwithstanding the verdict on evidentiary grounds is clear. Our review of the trial court's [decision to deny the motions] requires us to consider the evidence in the light most favorable to the prevailing party, according particular weight to the congruence of the judgment of the trial judge and the jury, who saw the witnesses and heard their testimony. . . . The verdict will be set aside and judgment directed only if we find that the jury could not reasonably and legally have reached [its] conclusion." (Internal quotation marks omitted.) *Stewart* v. *Cendant Mobility Services Corp.*, 267 Conn. 96, 102, 837 A.2d 736 (2003). "We must consider the evidence, including reasonable inferences which may be drawn therefrom, in the light most favorable to the parties who were successful at trial . . . [and] giving particular weight to the concurrence of the judgments of the judge and the jury, who saw the witnesses and heard the testimony . . . ." (Internal quotation marks omitted.) *Label Systems Corp.* v. *Aghamohammadi*, 270 Conn. 291, 301, 852 A.2d 703 (2004). "A [jury's] determination is clearly erroneous only in cases in which the record contains no evidence to support it, or in cases in which there is evidence, but the reviewing court is left with the definite and firm conviction that a mistake has been made." (Internal quotation marks omitted.) *Lombardi* v. *East Haven*, 126 Conn. App. 563, 574, 12 A.3d 1032 (2011).

To succeed on a claim under § 13a-149, "the plaintiff must prove, by a fair preponderance of the evidence,

(1) that the highway was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence." (Internal quotation marks omitted.) *DeMatteo* v. *New Haven*, 90 Conn. App. 305, 308, 876 A.2d 1246, cert. denied, 275 Conn. 931, 883 A.2d 1242 (2005). Once a defect is established, our Supreme Court has held that the standard for determining liability under § 13a-149 is sole proximate cause. See *Smith* v. *New Haven*, 258 Conn. 56, 62, 779 A.2d 104 (2001) (noting "that a municipality's liability under the defective highway statute may be defeated by a showing of negligence on the part of either the plaintiff or some third party").

"Whether the plaintiff was contributorily negligent is a question of fact subject to the clearly erroneous standard of review. . . . Because a plaintiff seeking recovery under § 13a-149 must prove that the defect was the sole proximate cause of her injuries, it follows that the plaintiff must demonstrate freedom from contributory negligence. . . . To do so, a plaintiff must have suffered injury while using the defective highway with due care and skill." (Citations omitted; internal quotation marks omitted.) *Lombardi* v. *East Haven*, supra, 126 Conn. App. 577–78.

The defendant's argument is that the defective condition of the sidewalk was so obvious that an ordinarily prudent person would have seen it and tried to avoid it, and that the plaintiff's failure to do so contributed to her injuries and constituted a failure to exercise due care. The defendant emphasizes that the plaintiff admitted at trial that if she had been looking down at where her foot was going to land, she would have seen the slope and drop in the sidewalk and that she could have avoided that portion of the sidewalk by walking on the safer, nondefective portion of the sidewalk, thereby preventing her fall and resulting injuries. The defendant also emphasizes that the plaintiff testified that she was aware of the crack and admitted that nothing prevented her from avoiding it. Thus, the defendant asserts, she could have avoided the slope by walking around it to the safer part of the sidewalk. The defendant fails to take into account that there were two defects in the sidewalk—the crack and the slope—only the former of which the plaintiff actually perceived. The defendant argues that because the plaintiff consciously chose to walk over the crack instead of avoiding it, despite the fact that she did not perceive the additional defect, she is nonetheless contributorily negligent for her injuries.

We disagree.

The plaintiff testified as to the manner in which she conducted herself when she walked on Wells Road the day of her accident. Specifically, she testified that the weather was "nice" and that the roads were dry; that she was wearing walking sandals that had been recommended to her by her doctor; that she was looking to her left and right to watch for an oncoming train as she approached the railroad tracks; that as she approached the defective portion of the sidewalk, she was paying attention and perceived the crack to be the only defect in the sidewalk and made a "mental note" to step over it; and that she did not perceive the additional defect of the downward slope.

Whether the plaintiff was in the exercise of due care is a question to be answered by the trier of fact. *Parker* v. *Hartford*, 122 Conn. 500, 505, 190 A. 866 (1937). As the sole arbiter of credibility, the jury was free to credit the plaintiff's testimony and to find that she exercised due care. Because there was evidence in the record from which the jury could have concluded that the plaintiff was free of contributory negligence, the defendant's claim must fail.

The judgment is affirmed.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] Also named as defendants were Joseph F. Marie, commissioner of the Department of Transportation, and the Providence and Worcester Railroad Company. Because the plaintiff's claims against those defendants were resolved prior to the trial of this matter, we refer in this opinion to the town as the defendant.

[2] The plaintiff testified that she diverged from her regular route to see a scarecrow contest in Old Wethersfield, about one mile from her house.

[3] General Statutes § 13a-149 provides in relevant part that "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . ."